UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SPENCER ABRAMS, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>INTUITIVE SURGICAL, INC., et al.,<br><br>        Defendants. | Case No.: 5:13-CV-01920-EJD<br><br>**ORDER DENYING MOTION FOR CONSOLIDATION; GRANTING THE HAWAII EMPLOYEES' RETIREMENT SYSTEM'S MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL**<br><br>**[Re: Docket No. 14]** |

Presently before the court in this securities class action is Plaintiff the Employees' Retirement System of the State of Hawaii's ("Hawaii ERS") Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel. Dkt. No. 14. The court finds these matters suitable for decision without oral argument and hereby VACATES the hearing set for November 22, 2013 pursuant to Civil Local Rule 7-1(b). Having reviewed the submissions, and for the following reasons, the court DENIES Hawaii ERS's motion for

1

Case No.: 5:13-CV-01920-EJD
ORDER DENYING MOTIONS FOR CONSOLIDATION; GRANTING THE HAWAII
EMPLOYEES' RETIREMENT SYSTEM'S MOTION FOR APPOINTMENT OF LEAD
PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL

consolidation and GRANTS Hawaii ERS's motion for appointment as lead plaintiff and approval of its selection of lead counsel.

### I. Background

Hawaii ERS seeks to consolidate two securities fraud class action lawsuits brought on behalf of persons who purchased or otherwise acquired publicly-traded securities of Defendant Intuitive Surgical, Inc. ("Intuitive") during the purported class period: the instant action <u>Abrams v. Intuitive Surgical, Inc., et al.</u>, No. 13-CV-01920, filed April 26, 2013 and <u>Adel v. Intuitive Surgical, Inc., et al.</u>, No. 13-CV-02365, filed May 24, 2013. These actions each allege that Intuitive and individual defendants Gary Guthart, Marshall Mohr, and Lonnie Smith (collectively with Intuitive, "Defendants") violated Sections 10(b) and 20(a) of the Securities Exchange Act ("Exchange Act") and Securities and Exchange Commission Rule 10b-5 by misleading investors as to the soundness of the <u>da Vinci</u> Surgical System, the sales practices used by Defendants to market it, and the company's financial results and outlook.

On June 25, 2013, plaintiffs Hawaii ERA and Darien Adel each filed a Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel in the instant action. Dkt. Nos. 14, 23. Plaintiff Adel subsequently withdrew his motion and voluntarily dismissed his case without prejudice. Dkt. Nos. 33, 39. No opposition has been filed as to Hawaii ERA's Motion.

### II. Discussion

#### a. Consolidation

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the court must decide whether to consolidate any related actions prior to selecting a plaintiff to lead this litigation on behalf of the putative class. <u>See</u> 15 U.S.C. § 78u–4(a)(3)(B)(ii). The court notes that the two securities class actions discussed above each raise nearly identical claims under nearly identical facts, and thus would typically be considered appropriate for consolidation. <u>See</u> Fed. R. Civ. P. 42(a). However, here, Plaintiff Adel has voluntarily dismissed his case, leaving the instant

2

Case No.: 5:13-CV-01920-EJD
ORDER DENYING MOTIONS FOR CONSOLIDATION; GRANTING THE HAWAII
EMPLOYEES' RETIREMENT SYSTEM'S MOTION FOR APPOINTMENT OF LEAD
PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL

matter as the only open case. Accordingly, the court DENIES the motion for consolidation as moot.

### b. Lead Plaintiff

In cases governed by the PLSRA, the plaintiff in the first-filed action must, within twenty days of the filing of the complaint, publish notice of the complaint in a widely circulated business publication. 15 U.S.C. § 78u–4(a)(3)(A)(i). The notice must include a description of the claim and notify prospective class members that they may move within 60 days of the notice to be named lead plaintiff. 15 U.S.C. § 78u–4(a)(3)(A)(i) (I)-(II). Once applications for lead plaintiff status are closed, the district court must determine who among the movants for lead plaintiff status is the "most adequate plaintiff." 15 U.S.C. § 78u–4(a)(3)(B)(i). To aid the court in its determination, each proposed lead plaintiff must submit a sworn statement setting forth certain facts designed to assure the court that the plaintiff (1) has suffered more than a nominal loss, (2) is not a professional litigant, and (3) is otherwise interested and able to serve as a class representative. 15 U.S.C. § 78u-4(a)(2)(A). Here, Hawaii ERS has provided this information to the court.

In the Ninth Circuit, In re Cavanaugh, 306 F.3d 726, 729–30 (9th Cir. 2002), governs the selection of a lead plaintiff in a securities class action using a three-step process. First, as discussed above, timely and complete notice of the action must be published. Id. at 729. Second, the district court considers the losses suffered by potential lead plaintiffs and selects "the one who 'has the largest financial interest in the relief sought by the class' and 'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.'" Id. at 730 (citing 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)). In doing so, the court determines which plaintiff "has the most to gain from the lawsuit." Cavanaugh, 306 F.3d at 730. Third, the court evaluates the proposed lead plaintiff to ensure he or she "satisfies the requirements of [Fed. R. Civ. Pro.] 23(a), in particular those of 'typicality' and 'adequacy.'" Id. A plaintiff who satisfies the first two steps becomes the "presumptively most adequate plaintiff." Id. However, at step three, the competing plaintiffs have the opportunity to

3
Case No.: 5:13-CV-01920-EJD
ORDER DENYING MOTIONS FOR CONSOLIDATION; GRANTING THE HAWAII EMPLOYEES' RETIREMENT SYSTEM'S MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL

rebut the presumptive lead plaintiff's showing of typicality and adequacy. Id. at 730 (citing 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)).

Here, the parties do not dispute that notice was adequately published. Accordingly, step one has been satisfied. Under step two, Hawaii ERS has emerged as the plaintiff with the largest financial interest in the matter. Cavanaugh, 306 F.3d at 730. Hawaii ERS purports to have lost $828,955 as a result of Defendants' alleged securities law violations; this alleged loss is substantially larger than the $5,347 loss alleged by Mr. Adel. See Dkt. No. 14 at 8, Dkt. No. 23 at 6. Accordingly, Hawaii ERS appears to be the presumptive "most adequate plaintiff." Cavanaugh, 306 F.3d at 730.

Hawaii ERS alleges that it purchased Intuitive securities during the class period based upon Defendants' misrepresentations and omissions. Like all members of the Class, Hawaii ERS seeks recovery for losses resulting from this reliance, and does so by advancing the same legal theories as other class members. Hawaii ERS is not subject to any special defenses. These allegations suffice at this stage to show that Hawaii ERS satisfies the typicality requirements of Federal Rule of Civil Procedure 23(a). In addition, the court does not find any indication in the record that Hawaii ERS's interests would compete with those of the class. Thus, Hawaii ERS preliminarily satisfies the adequacy requirement of Rule 23(a). No other potential plaintiff has come forward to rebut this presumption, as permitted by step three of the Cavanaugh analysis. Considering Hawaii ERS's presumptive adequacy, and noting that no potential plaintiff has contested Hawaii ERS's typicality or adequacy, the court GRANTS Hawaii ERS's motion for appointment as lead plaintiff.

### c. Lead Counsel

Once the court has designated a lead plaintiff, that lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v). A court generally should accept the lead plaintiff's choice of counsel unless it appears necessary to appoint different counsel to "protect the interests of the class." Id. at § 78u–4(a)(3)(B)(iii)(II)(aa). In the Ninth Circuit, Cavanaugh establishes the standard for approval of

4
Case No.: 5:13-CV-01920-EJD
ORDER DENYING MOTIONS FOR CONSOLIDATION; GRANTING THE HAWAII EMPLOYEES' RETIREMENT SYSTEM'S MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL

lead counsel. 306 F.3d at 732. "[T]he district court does not select class counsel at all," and typically approves the lead plaintiff's selection of counsel. Id. at 732–34. Here, Hawaii ERS has selected the law firm of Labaton Sucharow LLP to represent it. No opposition has been raised to this selection. The court thus GRANTS Hawaii ERS's motion for appointment of lead counsel.

### III. Conclusion

Based on the foregoing, the court ORDERS as follows:

1. The motions to consolidate the securities class actions are DENIED as moot.
2. The court appoints Hawaii ERS as Lead Plaintiff in this action.
3. The court appoints the law firm of Labaton Sucharow LLP as Lead Counsel in this action.
4. All future filings shall be in 5:13-CV-01920-EJD and shall bear the caption: "In re Intuitive Surgical Securities Litigation." The clerk shall rename this case accordingly.
5. On or before December 18, 2013, Lead Plaintiff in In re Intuitive Surgical Securities Litigation shall file an Amended Class Action Complaint.

The court hereby schedules a Case Management Conference in In re Intuitive Surgical Securities Litigation for January 24, 2014 at 10:00 a.m. The parties shall file a Joint Case Management Statement, in compliance with the undersigned's standing orders, on or before January 17, 2014.

**IT IS SO ORDERED**

Dated: November 18, 2013

EDWARD J. DAVILA
United States District Judge