KEKER & VAN NEST LLP
MICHAEL D. CELIO - # 197998
mcelio@kvn.com
JO W. GOLUB - # 246224
jgolub@kvn.com
CODY S. HARRIS - # 255302
charris@kvn.com
PHILIP J. TASSIN - # 287787
ptassin@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

*Attorneys for Defendants* INTUITIVE SURGICAL, INC., LONNIE M. SMITH, GARY S. GUTHART, SALVATORE J. BROGNA, AUGUSTO V. CASTELLO, JEROME J. McNAMARA, MARK J. MELTZER, MARSHALL L. MOHR, COLIN MORALES, and DAVID J. ROSA

*Additional counsel listed on signature page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE INTUITIVE SURGICAL SECURITIES LITIGATION | Case No. 5:13-cv-01920 EJD<br><br><u>CLASS ACTION</u><br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |

Pursuant to Federal Rules of Civil Procedure 16(c) and 26(f), Civil Local Rule 16-9 and this Court's Standing Order (Dkt. No. 4-1), the parties hereby submit this joint statement in advance of the May 9, 2014 Case Management Conference.

## I.     JURISDICTION AND SERVICE

Plaintiffs assert claims arising under §§ 10(b) and 20(a) of the Securities Act of 1934 (the "Exchange Act"), and the rules and regulations promulgated thereunder. This Court has jurisdiction over the subject matter of this action pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa and 28 U.S.C. § 1331, because this is a civil action arising under the laws of the United States.  Defendants have waived service in this matter.

## II.    FACTS

As alleged in the Amended Complaint ("Compl.") (Dkt. 48), this is a class action lawsuit brought against Intuitive Surgical, Inc. ("Intuitive"), and certain of its officers and directors, pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4.  The lawsuit alleges violations of the Securities Exchange Act of 1934, on behalf of all individuals and institutions who acquired publicly traded Intuitive securities during the period between February 6, 2012 and July 18, 2013 (the "Class Period").[1]

### A.     Plaintiffs' Statement

Plaintiffs allege that Defendants falsely represented to the market that their *da Vinci* robotic surgery system was safe, misleading the public and Intuitive investors about the risks of the *da Vinci* system and Intuitive's profitability.  Defendants failed to report hundreds of serious injuries and deaths caused by the *da Vinci* system to the Food & Drug Administration ("FDA") by concealing thousands of adverse medical device reports ("MDRs") from the FDA's public database of these records.  In this way, Defendants materially altered the *da Vinci*'s public safety record.  Defendants also did not disclose the critical defects in the operating system that were causing these adverse events.  When the FDA learned of these safety violations, it issued a

---

[1] The parties direct the Court to their respective filings in support and opposition to Defendants' pending Motion to Dismiss for a more complete discussion of the case's factual background.  *See* Dkt. Nos. 53, 58, and 62. The parties provide this summary in accordance with the Court's Standing Order and for the Court's convenience.

1
JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No. 5:13-cv-01920 EJD

818513

Warning Letter, which shows that Intuitive knew about the defects causing serious injury and death as early as 2011, but concealed this information from the FDA and Intuitive shareholders. Nonetheless, Defendants profited handsomely through insider sales exceeding $120 million. Once the truth of *da Vinci's* defects and risks was revealed, Intuitive saw a dramatic decrease in profitability which caused the Company's stock price to fall from its Class Period average of approximately $520 per share to under $400 per share.

### B. Defendants' Statement

Intuitive designs, manufactures, and sells the *da Vinci* Surgical System. The *da Vinci* is a state-of-the-art, robotic surgical system that uses 3-D computer enhanced technology to translate a surgeon's natural hand motions into precise micro-movements performed by instruments positioned inside the patient. This "minimally invasive surgery" technique means the surgery can be performed through very small incisions in the body, leading to better recovery and cosmetic outcomes.

Defendants deny Plaintiffs' allegations. Given the intense regulatory scrutiny medical device manufacturers face—not to mention the risks inherent in *any* surgical procedure—Intuitive has publicly and repeatedly cautioned investors about the specific risks the company faces from potential regulatory action. Similarly, when Intuitive received an FDA "warning letter" (which in no way establishes that any defect exists or that any regulatory violation occurred), it promptly disclosed that letter to investors two days after receiving it. These facts, among others, reveal a company acting openly and in good faith, not one with intent to mislead or defraud investors. Accordingly, Defendants submit that this case should never reach the merits. As set forth in Defendants' pending motion to dismiss (Dkt. 53), Plaintiffs have failed to allege any securities fraud violation with the particularity the PSLRA demands.

*       *       *

Issues principally in dispute are: (1) whether any of Intuitive's statements during the Class Period, as set forth in the Complaint, were actionably false or misleading, or whether Intuitive omitted any legally requirement statement; (2) whether any Defendant acted knowingly or recklessly in issuing the allegedly false or misleading statements, or in failing to issue other

legally required statements; (3) whether the alleged disclosures or omissions caused Plaintiffs to suffer damages; and (4) the proper measure of damages, if any.

## III. LEGAL ISSUES

Whether Defendants have violated § 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder; whether certain defendants are liable as controlling persons under § 20(a) of the Exchange Act; and whether Plaintiffs have alleged facts sufficient to permit their complaint to go forward under the Private Securities Litigation Reform Act.

## IV. MOTIONS

Currently pending before the Court is the following motion:

1. Defendants' Motion to Dismiss the Amended Class Action Complaint was filed on December 16, 2013 (Dkt. 53). That motion is fully briefed and is scheduled to be heard immediately before the case management conference in this matter.

## V. AMENDMENT OF PLEADINGS

The parties anticipate no further amendment of pleadings at this time.

## VI. EVIDENCE PRESERVATION

Plaintiffs and Defendants have taken steps to preserve evidence relevant to the issues reasonably evident in this action, including the interdiction of any document-destruction program and any ongoing erasures of electronically-recorded material. *See* 15 U.S.C. § 78u-4(b)(3)(C).

## VII. DISCLOSURES

Due to the discovery stay automatically imposed by the PSLRA, no initial disclosures have been made pursuant to Federal Rule of Civil Procedure 26. *See* 15 U.S.C. § 78u-4(b)(3)(B). The parties therefore propose that initial disclosures be due within 30 days of the lifting of the discovery stay in this action, should the stay be lifted.

## VIII. DISCOVERY

Pursuant to the PSLRA, discovery in this matter is stayed at this time. *See* 15 U.S.C. § 78u-4(b)(3)(B). As a result, no discovery has been taken in this case.

## IX. CLASS ACTION

The parties agree that it is premature to address the merits of class certification at this

time, prior to any discovery having taken place.

## X. RELATED CASES

The following purported shareholder derivative actions have been related to this action:

1. *Berg v. Guthart, et al.*, Case No. 5:14-CV-515 EJD (Dkt. 63);

2. *City of Birmingham Relief and Retirement System v. Guthart et al.*, No. 5:14-CV-1307 (Dkt. 71); and

3. *Public School Teachers' Pension and Retirement Fund of Chicago v. Guthart et al.*, Case No. 3:14-CV-01384-LB (Dkt. 75).

## XI. RELIEF SOUGHT

### A. Plaintiffs' Statement

Defendants' motion to dismiss should be denied in its entirety and the relief pled in the Complaint granted.

### B. Defendants' Statement

The Court should grant Defendants' pending motion to dismiss. Defendants further deny that any relief should properly be granted in this case.

## XII. SETTLEMENT, ADR, AND OTHER REFERENCES

The parties agree that it is premature to discuss the prospects of settlement, mediation, or ADR prior to the Court's ruling on the pending Motion to Dismiss. The parties propose that the issue be revisited if the case proceeds beyond the pleadings.

## XIII. CONSENT TO MAGISTRATE JUDGE

The parties have previously declined to consent to a Magistrate Judge for all purposes.

## XIV. NARROWING OF ISSUES

Because no discovery has yet taken place in this case, it is not yet possible to discuss issues that could be narrowed at trial or resolved through stipulation.

## XV. EXPEDITED TRIAL PROCEDURE

The parties do not believe that this case is appropriate for an expedited schedule.

## XVI. SCHEDULING

Pursuant to the Court's Standing Order, the parties have made a good faith effort to

propose a schedule for this matter.   This schedule may need to be adjusted as the litigation proceeds.

| ACTION | DUE DATE |
|---|---|
| Meet and Confer re: discovery plan | 15 days after any ruling on Motion(s) for Dismissal of Amended Complaint, or any other ruling that effectively lifts the PSLRA discovery stay |
| Exchange of Initial Disclosures | 30 days after any ruling on Motion(s) for Dismissal of Amended Complaint, or any other ruling that effectively lifts the PSLRA discovery stay |
| Answer | 30 days after any ruling on Motion(s) for Dismissal of Amended Complaint |
| Class Certification Motion and Briefing Motion: | 120 days after Defendants serve Answers to the Complaint |
| Opposition to Class Certification Motion: | 30 days after Motion filed |
| Reply in support of Class Certification Motion: | 30 days after Opposition filed |
| Identification of areas of Expert Testimony and Experts, by all parties | 7 months after any ruling on Motion(s) for Dismissal of Amended Complaint, or any other ruling that effectively lifts the PSLRA discovery stay |
| Identification of Rebuttal Experts, by all parties | 8 months after any ruling on Motion(s) for Dismissal of Amended Complaint, or any other ruling that effectively lifts the PSLRA discovery stay |
| Fact Discovery Cutoff | 10 months after any ruling on Motion(s) for Dismissal of Amended Complaint, or any other ruling that effectively lifts the PSLRA discovery stay |
| Expert Reports Exchanged | 30 days after Fact Discovery Cutoff |
| Rebuttal Expert Reports Exchanged | 30 days after exchange of Expert Reports |
| Expert Discovery Cutoff | 30 days after exchange of Rebuttal Reports |

| | |
|---|---|
| Dispositive Motions and Briefing Motion(s): | 45 days after Expert Discovery Cutoff |
| Opposition(s): | 45 days after Motion(s) filed |
| Reply: | 30 days after Opposition(s) filed |
| Pretrial Conference | Two weeks prior to trial date |
| Trial Date | As set by the Court |

## XVII.  TRIAL

Plaintiffs have requested a jury trial.  The parties do not believe that it is possible to estimate the length of the trial without having conducted any discovery.  But the parties agree that given the complexity of the subject matter, any trial in this action would almost certainly exceed one week in length.

## XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Pursuant to Civil Local Rule 3-15, Plaintiffs state that there is no such interest to report.

Defendants state that Intuitive has the following subsidiaries, each of which is wholly owned by Intuitive:

Intuitive Surgical Holdings, Inc.  Delaware, US

INTUITIVE SURGICAL, S. DE R.L. DE C.V. Mexico

Intuitive Surgical Sarl Switzerland

Intuitive Surgical International Ltd. Cayman

Intuitive Surgical S.A.S. France

Intuitive Surgical GmbH Germany

Intuitive Surgical SPRL Belgium

Intuitive Surgical Limited United Kingdom

Intuitive Surgical Pte. Ltd. Singapore

Intuitive Surgical HK Limited Hong Kong

Intuitive Surgical Korea Limited;

Intuitive Surgical s.r.o Czech Republic;

Intuitive Surgical Medical Device and Technology (Shanghai) Co., Ltd., PRC

Intuitive Surgical Operations, Inc.  Delaware, US

Intuitive Surgical GK, Japan

Intuitive Surgical  Intuitive Representacao de Brazil Equipamentos Cirurgicos Ltda.

Intuitive Surgical AB, Sweden

Respectfully submitted,

Dated:  May 2, 2014                                         KEKER & VAN NEST LLP

By:   /s/ *Michael D. Celio*
MICHAEL D. CELIO
JO W. GOLUB
CODY S. HARRIS
PHILIP J. TASSIN

Attorneys for Defendants INTUITIVE SURGICAL, INC., LONNIE M. SMITH, GARY S. GUTHART, SALVATORE J. BROGNA, AUGUSTO V. CASTELLO, JEROME J. McNAMARA, MARK J. MELTZER, MARSHALL L. MOHR, COLIN MORALES, and DAVID J. ROSA

Dated:  May 2, 2014                                         LABATON SUCHAROW LLP

By:   */s/ Javier Bleichmar*
JAVIER BLEICHMAR
ERIC J. BELFI
CYNTHIA HANAWALT

Court-Appointed Lead Counsel for Lead Plaintiff and the Class

| | |
|---|---|
| Dated: May 2, 2014 | ROBBINS GELLER RUDMAN & DOWD LLP |

By: <u>/s/ Shawn A. Williams</u>
SHAWN A. WILLIAMS
DANIELLE S. MYERS

Court-Appointed Liaison Counsel for Lead Plaintiff and the Class

## **CONCURRENCE**

I, Michael D. Celio, am the ECF user whose ID and password are being used to file this Joint Case Management Conference Statement. In compliance with General Order 45, X.B., I hereby attest that Shawn A. Williams and Javier Bleichmar have concurred in this filing.