UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE INTUITIVE SURGICAL SECURITIES LITIGATION | Case No. 5:13-cv-01920-EJD (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 1**<br><br>Re: Dkt. No. 132 |

In this putative class action, plaintiffs sue Intuitive Surgical, Inc. (Intuitive) and several individual defendants for alleged securities fraud. Briefly stated, plaintiffs claim that defendants concealed safety defects in Intuitive's da Vinci Surgical System and lied about the company's business metrics and financial prospects.

At issue in Discovery Dispute Joint Report (DDJR) No. 1: Whether plaintiffs should be compelled to produce notes and a memo concerning pre-litigation interviews of non-party Charles Endweiss, a former Intuitive employee. This court is told that Endweiss' third interview was conducted by plaintiff's counsel and their investigator and that a portion of that interview was recorded to aid counsel's preparation of an investigative memo. That memo, which plaintiffs say was not disclosed to Endweiss, served as the basis for certain statements alleged in the Amended Class Action Complaint (Dkt. 48), the operative pleading. Those statements apparently were included in the complaint to support plaintiffs' scienter allegations, i.e., that the individual

defendants knew of and closely monitored adverse event data concerning the da Vinci system. (Id. ¶¶ 164-169). Defendants moved to dismiss, arguing (among other things) that those allegations were insufficiently pled. Judge Davila disagreed and denied the motion to dismiss, as well as defendants' subsequent motion for reconsideration, on that issue.

Defendants subsequently deposed Endweiss. They cite portions of the deposition transcript and claim that he denied making statements attributed to him in the complaint. Citing other portions of Endweiss' testimony, plaintiffs insist that he "overwhelmingly confirmed the complaint allegations attributed to him." That same day, defendants served plaintiffs with a document request seeking "All recordings (audio or video, regardless of the media upon which they are saved) and transcriptions of any statements provided by any former employee of Intuitive relating to the allegations in the Complaint, including but not limited to statements provided by Charles Endweiss." (Dkt. 131-4 at 7, DDJR No. 1, Ex. A, Request for Production No. 25).[1] Plaintiffs advised that the recording of Endweiss' interview no longer exists because it had been overwritten in the usual course of business. They otherwise object to the production of the notes and memo concerning Endweiss' interview on the ground that those documents are attorney work product.

Unable to resolve the dispute, the parties filed this DDJR. The matter is deemed suitable for determination without oral argument. Civ. L.R. 7-1(b). Upon consideration of the parties' respective arguments, this court denies defendants' request for discovery.

Defendants offer no serious argument as to the applicability of the attorney work product doctrine to the requested documents. Indeed, a number of courts have concluded that "[i]nterview notes and witness summaries drafted by counsel are subject to attorney work product protection." Hatamian v. Advanced Micro Devices, Inc., No. 14-cv-00226-YGR (JSC), 2016 WL 2606830, at *3 (N.D. Cal., May 6, 2016) (citing cases); see also In re Harmonic Securities Litig., 245 F.R.D. 424, 427 (N.D. Cal. 2007) (stating that "preliminary notes or other memoranda written during the

---

[1] Ostensibly, Request 25 seeks documents pertaining to statements provided by any former Intuitive employee. Endweiss, however, is the sole focus of the present DDJR.

interviews of these [non-party] witnesses . . . would be considered protected work product."). Where, as here, the documents in question were prepared in anticipation of litigation, the work product protection also extends to an attorney's investigator or consultant. In re Convergent Techs. Second Half 1984 Securities Litig., 122 F.R.D. 555, 557 (N.D. Cal. 1988); Hatamian, 2016 WL 2606830 at *3; In re JDS Uniphase Corp. Securities Litig., No. C02-1486 CW (EDL), 2005 WL 6296194, at *1 (N.D. Cal., Sept. 23, 2005). While verbatim witness statements are considered ordinary fact work product, "an attorney's notes and memoranda of statements are protected as opinion work product because they reveal the attorney's mental processes and show what facts the attorney deems legally significant." Hatamian, 2016 WL 2606830 at *3.

Defendants disclaim any interest in opinion work product. But, to the extent any information contained in the requested documents might constitute fact work product, defendants argue that the protection has been waived. And, even if there has been no waiver, defendants contend that they have a substantial need for the interview notes and memo and that the information cannot be obtained through any other means.

Defendants argue that the work product protection was waived during Endweiss' interview because he was asked about his communications with plaintiffs' counsel and investigator, and Endweiss provided detailed answers, with no work product objection from plaintiffs' counsel. See Carrasco v. Campagna, No. C03-4727 SBA (EMC), 2007 WL 81909, at *3 (N.D. Cal., Jan. 9, 2007) (concluding that the work product protection was waived as to recordings or transcripts of witness interviews where witnesses provided substantive answers when specifically asked what they discussed with an investigator). However, this court agrees that "[t]he issue here presented is not whether defense counsel have a right to learn the relevant factual information, but whether they have a right to that information in a particular form, namely, a piece of paper prepared by plaintiffs' counsel . . ." In re Convergent Techs. Second Half 1984 Securities Litig., 122 F.R.D. at 558. There is no indication that the documents in question were disclosed during Endweiss' deposition. This court therefore does not find that the work product protection was waived. See Hatamian, 2016 WL 2606830 at *4 (finding that the work product protection of interview notes and reports was not waived where plaintiffs never showed the witnesses those notes or reports in

3

deposition).

Defendants nevertheless express concern that plaintiffs, who currently assert the work product protection as a shield, might later seek to use the documents in question as a sword to fend off further attacks on the complaint's allegations. Defendants argue that plaintiffs cannot have it both ways. Plaintiffs state that they do not intend to rely on the notes or memo in their affirmative case, or for impeachment, or to dispute Endweiss' sworn testimony. Nor will they use those documents to defend against any motion for summary judgment or any further motions for reconsideration of Judge Davila's decision on defendants' prior motion to dismiss. However, plaintiffs reserve their rights to use the notes and memo to defend against any motion that argues that counsel lacked a basis for the allegations made in the complaint. (Dkt. 131 at 7 n.4). Defendants say that they intend to bring precisely such a motion---in which case, they contend that the documents must now be produced.

At the moment, however, no such motion has been brought, and it remains to be seen what plaintiffs will do to defend themselves against such a motion, if it ever is filed. On this record, this court therefore is unprepared to rule prospectively as to any waiver.

For the foregoing reasons, and on the record presented, defendants' request to compel production of the Endweiss interview notes and memo is denied. The denial is without prejudice to revisiting the issue, should circumstances warrant it.

SO ORDERED.

Dated: September 19, 2016

_____
HOWARD R. LLOYD
United States Magistrate Judge