UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE INTUITIVE SURGICAL SECURITIES LITIGATION | Case No. 5:13-cv-01920 EJD (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 2**<br><br>Re: Dkt. No. 153 |

In this putative class action, plaintiffs sue Intuitive Surgical, Inc. (Intuitive) and several individual defendants for alleged securities fraud. Plaintiffs claim that defendants concealed safety defects in Intuitive's da Vinci Surgical System and lied about the company's business metrics and financial prospects.

In Discovery Dispute Joint Report (DDJR) No. 2, the parties disagree whether defendants should be compelled to produce documents responsive to plaintiffs' Request for Production No. 1 (Third Set),[1] which seeks: "Transcripts of all depositions of Intuitive Employees taken in the Derivative Actions since the date each such action was initiated, except for the depositions attended by Plaintiff's counsel." (Dkt. 153-1, DDJR No. 2, Ex. A at ECF p. 11). Although they did not define the term "Intuitive Employees," plaintiffs now say that they contemplate that the

---

[1] Defendants say that this actually is plaintiffs' 55th request for production overall.

term includes "current and former employees, and directors and officers, who are represented by defense counsel here." (Dkt. 153, DDJR No. 2 at ECF p. 3). Defendants are of the mind that "Intuitive Employees" should not include former employees, third parties, or Board members. As for the referenced "Derivative Actions": There is one derivative action pending in state court and a consolidated derivative suit pending here. The federal derivative action has been stayed in favor of the state court case.

Relevance is not seriously disputed. Defendants point out that the derivative actions are not identical to the instant securities suit. But, for purposes of resolving the instant discovery matter, this court finds that these cases are substantially similar. Indeed, in arguing for a stay of the federal derivative action, defendants asserted that they were "engaged in a two-front battle over the same allegations" as between the instant case and the derivative actions. (See Case No. 5:14-cv-00515-EJD, Dkt. 94 at ECF p. 11). Courts have ordered production of deposition transcripts in litigation involving substantially similar claims and issues. See, e.g., Transamerica Life Ins. Co. v. Moore, 274 F.R.D. 602 (E.D. Ky. 2011) (granting motion to compel production of deposition transcripts of plaintiff's employees who testified in similar litigation); Carter-Wallace, Inc. v. Hartz Mountain Indus., Inc., 92 F.R.D. 67, 70 (S.D.N.Y. 1981) (ordering production of deposition transcripts from litigation "involv[ing] substantially similar allegations" that "occurred during overlapping periods of time."); Apple, Inc. v. Samsung Elecs. Co., No. C11-1846 LHK (PSG), 2012 WL 1232267, at *5 (N.D. Cal., Apr. 12, 2012) (compelling production of transcripts from litigation having a "technological nexus" to the lawsuit); Waters v. Earthlink, Inc., No. 01-11887-REK, 2004 WL 6000237, at *3 (D. Mass, Dec. 1, 2004) (concluding that the plaintiff met the "low relevance standard" for discovery of deposition transcripts from "a case involving similar claims and facts to the case at bar.").

Defendants' objection is largely one of timing. At the time this DDJR was filed, defendants argued that responsive deposition transcripts did not yet exist and that plaintiffs' request for discovery therefore was premature. Plaintiffs, however, pointed out that depositions in the state court suit were scheduled to be completed by February 15, 2016. (See Case No. 5:14-cv-00515-EJD, Dkt. 94 at ECF p. 9). Given the passage of time since then, this court assumes that

1 depositions in the state court case have been completed and that there now exist final transcripts
2 falling within the scope of plaintiffs' request. Defendants' objections based on timing are
3 overruled.

4 Defendants nevertheless contend that transcripts likely would be subject to a protective
5 order that might be issued by the state court. On this record, however, it is unclear whether and to
6 what extent the transcripts sought by plaintiffs would conflict (if at all) with any such protective
7 order. Moreover, plaintiffs are requesting deposition transcripts for those witnesses that are
8 represented by defense counsel. Generally, protective orders prohibit the receiving party's use of
9 another party's discovery, not the producing party's use or disclosure of its own information. See
10 generally Carter-Wallace, Inc., 92 F.R.D. at 69 (ordering the production of deposition transcripts
11 from another litigation, even though the depositions were subject to a protective order, where the
12 protective order in question prohibited disclosure by the receiving party, and did not prohibit
13 disclosure by the party from whom disclosure was sought).

14 Based on the foregoing, this court is satisfied that plaintiffs' request is sufficiently relevant
15 and specific to require production, except to the extent defendants can show that the existence of
16 another court's protective order bars their production of transcripts to plaintiffs. Absent such a
17 showing, defendants shall promptly produce the requested deposition transcripts of current and
18 former Intuitive employees, and directors and officers, who are represented by defense counsel.

19 SO ORDERED.
20 Dated:   September 27, 2016

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE