UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE INTUITIVE SURGICAL
SECURITIES LITIGATION

Case No. 5:13-cv-01920 EJD (HRL)

**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 3**

Re: Dkt. No. 158

In this putative class action, plaintiffs sue Intuitive Surgical, Inc. (Intuitive) and several individual defendants for alleged securities fraud. Plaintiffs claim that defendants concealed safety defects in Intuitive's da Vinci Surgical System and lied about the company's business metrics and financial prospects.

At issue in Discovery Dispute Joint Report (DDJR) No. 3 is whether defendants should be compelled to produce exemplars of certain models of the Monopolar Curved Scissors (Scissors) and Tip Covers in response to plaintiffs' Requests 6 and 7 (Third Set).[1] The matter is deemed suitable for determination without oral argument. Civ. L.R. 7-1(b). Upon consideration of the parties' respective arguments, this court rules as follows:

Plaintiffs contend that the requested exemplars are directly relevant here because

---

[1] Defendants say that these are actually plaintiffs' 60th and 61st requests for production overall.

1  defendants allegedly failed to disclose (among other things) that the Scissors caused severe
2  injuries due to defective Tip Covers.  Defendants disagreed about the relevance of the requested
3  discovery, and the parties met and conferred in an attempt to resolve the matter between
4  themselves.  Plaintiffs say that they now move to compel this discovery because the parties
5  "ultimately" could not agree on a solution.

6　　　　According to defendants, the parties did, in fact, resolve this discovery dispute.  This court
7  is told that plaintiffs agreed, as a compromise, that the requested items would be produced as trial
8  demonstratives, so long as the production was made at least two months prior to trial.[2]  Defendants
9  say that they confirmed the items would be produced for use at trial.  However, defendants claim
10 that when they raised logistical matters to be discussed closer to trial (e.g., the number of
11 exemplars to be produced, the model numbers needed, and the manner in which the exemplars
12 would be used at trial), plaintiffs sent a missive stating that their compromise would "remain open
13 until noon [Eastern Time] tomorrow, provided we iron out the remaining issues you mentioned in
14 prior correspondence prior to then."  (Dkt. 158, DDJR No. 3 at ECF p. 8).  Defendants responded
15 the following day, four hours later than plaintiffs' noon deadline, suggesting a phone conference to
16 discuss the logistical matters and stating, "We remain puzzled as to why these trial demonstratives
17 cannot be treated the way all other demonstratives will be.  Having said that, I am confident we
18 will be able to reach agreement on a reasonable time-frame [for production]."  (Id.).  The parties
19 proceeded with a phone conference; but, defendants say that instead of discussing the issues,
20 plaintiffs withdrew the compromise, explaining that they were doing so solely because they
21 received defendants' response letter at 4:00 p.m., rather than at noon.  In a last attempt to resolve
22 the matter, defendants offered to produce the exemplars for use at trial, two months prior to trial.
23 That offer was rejected.

24　　　　Plaintiffs do not refute defendants' assertions as to the history of their meet-and-confer
25 negotiations.

26　　　　There is no indication in the record that plaintiffs' noon deadline had any particular

---

[2] Trial dates have not yet been scheduled.

significance or importance.  Thus, the unraveling of the parties' agreed-upon compromise strikes this court as an unreasonable response based on plaintiffs' apparent dissatisfaction that defendants missed the arbitrary noon deadline by a few hours.

In any event, plaintiffs have not convincingly demonstrated that the proportionality and other requirements of Fed. R. Civ. P. 26 are satisfied.  Fed. R. Civ. P. 26(b); Civ. L.R. 37-2.  Plaintiffs say only that they "believe that such exemplars are needed to litigate this action during the course of discovery and as trial demonstratives."  (Dkt. 158, DDJR No. 3 at ECF p. 5).  But, they do not satisfactorily explain why that is so or why the issues in this litigation turn on a physical examination of the Scissors and Tip Cover.  Plaintiffs contend that problems with the Scissors and Tip Covers, allegedly hidden from investors, are the very core of this lawsuit.  But, this is not a products liability case.  This is an action for alleged securities fraud in which the key issues are whether defendants knowingly made false and misleading statements and omissions about the safety of the da Vinci system, whether the statements are material, and what impact (if any) resulted.

Accordingly, plaintiffs' request for an order compelling this discovery is denied---except that defendants shall produce the requested exemplars for use as trial demonstratives at least two months prior to the start of trial.  The parties are directed to meet-and-confer in good faith to reach agreement on the logistical matters raised by defendants.

SO ORDERED.

Dated:   September 27, 2016

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE