UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE INTUITIVE SURGICAL SECURITIES LITIGATION | Case No. 5:13-cv-01920-EJD (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 5**<br><br>Re: Dkt. No. 171 |

In this putative class action, plaintiffs sue Intuitive Surgical, Inc. (Intuitive) and several individual defendants for alleged securities fraud. Plaintiffs claim that defendants concealed safety defects in Intuitive's da Vinci Surgical System and lied about the company's business metrics and financial prospects.

At issue in Discovery Dispute Joint Report (DDJR) No. 5: Whether plaintiffs should be permitted to take 16 additional depositions (over and above the presumptive limit of 10). The matter is deemed suitable for determination without oral argument. Civ. L.R. 7-1(b). Upon consideration of the parties' respective arguments, this court denies plaintiffs' request.

Absent leave of court or stipulation of the parties, a party may not take more than ten depositions. Fed. R. Civ. P. 30(a)(2)(A)(i). A party seeking leave to take more depositions must make "a particularized showing of why the discovery is necessary." Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minnesota, 187 F.R.D. 578, 586 (D.Minn.1999); see also Authentic,

Inc. v. Atrua Technologies, Inc., No. C08-1423PJH, 2008 WL 5120767, at *1 (N.D. Cal., Dec.4, 2008) ("A party seeking to exceed the presumptive number of depositions must make a particularized showing of the need for the additional discovery."). "To meet this requirement of a particularized showing of need, the moving party must go beyond general assertions regarding the potential relevance of the proposed deponents' testimony to demonstrate that the probable testimony of each proposed deponent is essential to the moving party's case." Alaska Electrical Pension Fund v. Pharmacia Corp., No. 03-1519 (AET), 2006 WL 6487632, at *4 (D.N.J., Aug. 22, 2006) (citing Archer Daniels Midland Co., 187 F.R.D. at 587).

    Plaintiffs have not made the requisite showing of particularized need here. Two the proposed deponents are unnamed "Insurance Carriers" and a "Products Liability Witness"—and, as to the latter, plaintiffs do not explain why such testimony is relevant. They also seek the deposition of Nasrin Mirsaidi, a Food and Drug Administration (FDA) employee, but do not show that they can or have obtained the requisite agency approval under 21 C.F.R. § 20.1, which prohibits FDA employees from testifying in civil matters without such approval. Plaintiffs state that they believe the 16 additional witnesses will provide non-cumulative and non-duplicative testimony, but do not explain why that is so. For their part, defendants point out that:

- Three of the proposed deponents (Joseph Orban, Justin Krom, and Scott Manzo) are design engineers who worked in the same office on the same project and reported to Salvatore Brogna (a noticed deponent).
- Proposed deponent Tabitha Reed held the same position in regulatory compliance as Jane Clay (a noticed deponent) and both Reed and Clay reported to Dave Rosa (another noticed deponent).
- Proposed deponents Casper Uldriks, Cindy Domecus, and Stewart Crumpler are all consultants, whom defendants say were identified by plaintiffs as having consulted on the same matters (i.e., "MDR Guidance," "guidance for MDR reporting," and "guidance relating to MDR reporting").

Plaintiffs have not explained why they would need to depose all of these people or how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied. Accordingly, their

2

request for leave to conduct 16 additional depositions is denied.

SO ORDERED.

Dated: October 19, 2016

_____
HOWARD R. LLOYD
United States Magistrate Judge