UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE:<br><br>INTUITIVE SURGICAL SECURITIES LITIGATION | Case No. 5:13-cv-01920-EJD<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT; DENYING DEFENDANTS' MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 185, 191 |

As detailed in a recent order addressing class certification, lead plaintiffs Employees' Retirement System of the State of Hawaii and Greater Pennsylvania Carpenters' Pension Fund (collectively, "Plaintiffs") allege in this action that institutional defendant Intuitive Surgical, Inc. and individual executive defendants Gary S. Guthart, Marshall L. Mohr, and Lonnie M. Smith (collectively, "Defendants") made numerous false and misleading statements and omissions regarding the safety and regulatory compliance of its flagship product, the da Vinci surgical robot system. Plaintiffs believe such non-disclosure constitutes securities fraud since it allegedly caused the value of Intuitive stock to plummet once the true information was revealed, thereby damaging investors.

Presently before the court are two matters: (1) Plaintiffs' Motion for Leave to Amend the Complaint, and (2) Defendants' Motion to Strike Unsigned Pleadings. Dkt. Nos. 185, 191. These matters are suitable for decision without oral argument in light of the extensive briefing submitted by the parties. Civ. L.R. 7-1(b). Having carefully considered the parties' pleadings along with the record of this action, the court finds, concludes and orders as follows:

1

Case No.: 5:13-cv-01920-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT; DENYING DEFENDANTS' MOTION TO STRIKE

1.      Most motions to amend the pleadings are initially subject to the liberal standard described in Federal Rule of Civil Procedure 15. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). But here, the court-imposed deadline for amendments to the pleadings expired before this motion was filed. As such, Plaintiffs' motion is preliminarily governed by Federal Rule of Civil Procedure 16 rather than Rule 15. Johnson v. Mammoth Recreations Inc., 975 F.2d 604, 607-608 (1992).

2.      Under Rule 16, Plaintiffs must initially demonstrate sufficient "good cause" to modify the scheduling order so as to allow for the late amendments. See id.; see also Fed. R. Civ. Proc. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). If, and only if, the requisite good cause is shown, the court then turns to an examination of the relevant factors under Rule 15. Hood v. Hartford Life & Accident Ins. Co., 567 F. Supp. 2d 1221, 1224 (E.D. Cal. 2008); Johnson, 975 F.2d at 609 ("If that party was not diligent, the inquiry should end.").

3.      "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. (internal quotations omitted). "[N]ot only must parties participate from the outset in creating a workable Rule 16 scheduling order but they must also diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999).

4.      Here, Plaintiffs argue they acted diligently under the circumstances. To that end, Plaintiffs point out that the allegations they seek to add to the complaint were revealed through the extensive discovery process, which by their account generated nearly 70,000 of pages of

2

Case No.: 5:13-cv-01920-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT; DENYING DEFENDANTS' MOTION TO STRIKE

documents and encompassed 14 separate fact depositions, as well as multiple rounds of interrogatories and requests for admission and five separate discovery disputes. Notably, this motion was filed within weeks of the final document production and final deposition identified by Plaintiffs. Under these circumstances, the court agrees that Plaintiff's representation constitutes good cause under Rule 16. Plaintiffs could not have otherwise met the scheduling order's amendment deadline to seek the addition of information learned through discovery since that process was still ongoing at the time. See Fru-Con Const. Corp. v. Sacramento Mun. Util. Dist., No. Civ. S-05-583 LKK/GGH, 2006 U.S. Dist. LEXIS 94421, at *15-16, 2006 WL 3733815 (E.D. Cal. Dec. 15, 2006) ("Allowing parties to amend based on information learned through discovery is common and well established."). Defendants' argument in opposition, which focuses on matters other than Plaintiffs' diligence, is unpersuasive.

5. The court now turns to whether the proposed amendments are permissible under Rule 15. Leave to amend under that rule should be granted with liberality. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); Carrico v. City & Cty. of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011). It need not be granted, however, where the amendment would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. Foman v. Davis, 371 U.S. 178, 182 (1962); Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994). But in light of Rule 15's mandate, the examination of these factors is generally performed "with all inferences in favor of granting the motion." Griggs v. Pace Am. Grp., Inc., 170 F.3d 877, 880 (9th Cir. 1999).

6. Since "the consideration of prejudice to the opposing party [] carries the greatest weight" in a Rule 15 analysis, that issue is addressed first. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Defendants' articulation of prejudice stems primarily from their perception that Plaintiffs overcame a motion to dismiss with factual allegations that have since been withdrawn by the sponsoring witness. They argue the withdrawn allegations should have never been presented to the court in the first place, let alone used as a basis to for

3
Case No.: 5:13-cv-01920-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT; DENYING DEFENDANTS' MOTION TO STRIKE

1  Plaintiffs' claims.  Though this argument and its corresponding spoliation claim are certainly
2  interesting and may be better suited to a different motion, they are unpersuasive in this context.
3  The amendments Plaintiffs propose would not substantially alter this action or require Defendants
4  to undertake an entirely new course of discovery.  Instead, the amendments all relate to facts that
5  were revealed through the discovery process, and would remove the same withdrawn factual
6  allegations that Defendants now cite as a basis for their opposition.  The court therefore finds that
7  any prejudice to Defendants is insignificant.

8        7.     Nor is Defendants' protestation of undue delay any more convincing.  It may be
9  true, as Defendants point out, that Plaintiffs could have sought this relief sooner based on when
10 they became aware of that certain factual allegations would be withdrawn.  But Defendants have
11 not cited anything about the timing of this motion that makes it more prejudicial to them, and
12 "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend."
13 United States v. Webb, 655 F.2d 977, 980 (9th Cir. 1981).  Notably, nothing in the current
14 pleadings suggests that Plaintiffs have acted with a dilatory motive, and permitting leave to file an
15 amended complaint at this point will not delay the presently unscheduled trial of this action or
16 affect scheduling deadlines in any significant way.

17       8.     Furthermore, the court does not share Defendants' opinion that the proposed
18 amendments are made in bad faith.  Defendants suggest that one of Plaintiffs' stated reasons for
19 the amendments - to conform the complaint the evidence - is disingenuous because in actuality
20 they seek to rectify their reliance on the withdrawn factual allegations and avoid a motion for
21 sanctions.  That may be the case, but the court does not find that motivation constitutes "strong
22 evidence" of bad faith when the result of an amendment may actually be beneficial to clarifying
23 the allegations at issue.  See Sonoma Ass'n of Retired Emps. v. Sonoma Cty., 708 F.3d 1109,
24 1117 (9th Cir. 2013).

25 Accordingly, Plaintiffs' Motion for Leave to Amend the Complaint (Dkt. No. 185) is
26 GRANTED.  Plaintiffs shall file the Second Amended Class Action Complaint as a separate

4

Case No.: 5:13-cv-01920-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT;
DENYING DEFENDANTS' MOTION TO STRIKE

docket entry forthwith.

In addition, Defendants' Motion to Strike (Dkt. No. 191) is DENIED as the court does not find that Plaintiffs' conduct violated Federal Rule of Civil Procedure 11 in a manner that justifies the relief requested.

**IT IS SO ORDERED.**

Dated:  January 25, 2017



EDWARD J. DAVILA
United States District Judge

5

Case No.: 5:13-cv-01920-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT;
DENYING DEFENDANTS' MOTION TO STRIKE