UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE INTUITIVE SURGICAL SECURITIES LITIGATION | Case No. 5:13-cv-01920-EJD (HRL)<br><br>**ORDER RE RENEWED DISCOVERY DISPUTE JOINT REPORT NO. 1**<br><br>Re: Dkt. No. 199 |

On a prior Discovery Dispute Joint Report (DDJR) in this securities fraud class action, this court was told that plaintiffs conducted pre-litigation interviews of a confidential witness (later identified as Charles Endweiss) and included Endweiss' statements in prior iterations of their complaint (which has now been amended a number of times). Endweiss was deposed, and defendants claimed that, in deposition, he recanted what he previously told plaintiffs, including statements attributed to him in the complaint. Defendants then requested "[a]ll recordings (audio or video, regardless of the media upon which they are saved) and transcription of any statements provided by [him]." (Dkt. 131-4 at 7, DDJR No. 1, Ex. A, Request for Production No. 25). Plaintiffs' counsel and their investigators interviewed Endweiss several times, and apparently one of those interviews was recorded. However, plaintiffs advised that the recording no longer exists because it had been overwritten in the usual course of business. They also objected to defendants' request for discovery of counsel's and investigators' notes and memos concerning the Endweiss

interviews.

That led to DDJR No. 1. At issue was whether the requested Endweiss interview notes and memos were work product and, if so, whether the work product protection had been waived. Defendants' chief concern was that plaintiffs should not be permitted to assert the work product doctrine as a shield against discovery, only to later rely on the subject notes and memos as a sword to fend off future attacks on the complaint's allegations. Plaintiffs stated that they did not intend to rely on the documents in this litigation, unless defendants brought a motion that argued that plaintiffs' counsel lacked a basis for the allegations in the complaint. Defendants said that they planned to do just that, in which case plaintiffs said that they would rely on the documents to defend against any such motion. At the time DDJR 1 was filed, however, no such motion had been filed---and, it wasn't clear exactly when, if ever, that would happen.

This court ruled that the requested notes and memos were work product and that there was no waiver based on Endweiss' deposition testimony. Nevertheless, the court declined to prospectively rule on the issue of any waiver that might occur based on defendants' anticipated motion that had not yet been filed. So, defendants' request for production was denied without prejudice to renew the motion should circumstances warrant it. (Dkt. 173).

Although the landscape of these proceedings has changed a bit since then, the core dispute over discovery of documents concerning the Endweiss interviews persists. On October 11, 2016, defendants sent plaintiffs' counsel a Fed. R. Civ. P. 11 letter and a draft motion, asking that plaintiffs withdraw pleadings containing the statements attributed to Endweiss. In response, on November 1, 2016, plaintiffs' local counsel withdrew their signatures from pleadings and also withdrew from the case entirely. (Dkt. 182). The next day, plaintiffs filed a motion for leave to amend their complaint to withdraw statements attributed to Endweiss and to include other information gathered in discovery. In that motion, they argued that while Endweiss confirmed many of his pre-litigation statements in deposition, his deposition testimony "was somewhat muddled and he provided some answers that were inconsistent with statements in the [Amended Class Action Complaint] and those provided to Plaintiffs' investigators." (Dkt. 185 at ECF p. 8). For their part, defendants opposed plaintiffs' motion to amend and filed a competing motion to

2

strike the unsigned complaint and briefs from the record.

Meanwhile, in view of plaintiffs' motion to amend and defendants' motion to strike, the parties filed a Renewed DDJR 1 re defendants' request for discovery of the Endweiss interview notes and memos.[1]

Judge Davila has since granted plaintiffs' motion to amend and denied defendants' motion to strike. While he observed that defendants' arguments about the withdrawn allegations and corresponding spoliation claim were interesting, he ultimately concluded that plaintiffs should be given leave to amend and that their conduct did not violate Rule 11 in a manner that justified the relief defendants sought. (Dkt. 2121 at 4, 5).

Notwithstanding that ruling, there remains a dispute before this court over the scope of any waiver that may have occurred while the parties briefed plaintiffs' then-pending motion to amend. With the reply brief on that motion, plaintiffs submitted to the court declarations and five memos by plaintiffs' counsel's investigators who spoke with Endweiss. The declarations and memos purportedly describe the investigators' communications with Endweiss. And, although the memos are marked "Confidential and Privileged: Attorney Work Product," the declarations and memos were all filed on the public docket without any restriction.

Defendants contend that by submitting these declarations and memos to the court in public filings, plaintiffs have waived any work product protection applicable to their communications with Endweiss. In particular, defendants seek two categories of information:

(1) Notes and memos concerning an August 2014 phone conversation between Endweiss and investigator Amy Greenbaum in which Endweiss apparently called to say he "had concerns about the complaint" and that he felt "[p]ressure as in that some things may have been taken out of context." (Dkt. 191-2 (Endweiss Depo. at 310:8-9, 311:18-19,

---

[1] The court summarily disposes of plaintiffs' argument that the renewed DDJR 1 is untimely. True, the renewed report was filed well after the deadline for submitting fact discovery disputes to the court. But, this court's prior discovery ruling was without prejudice to defendants to renew the dispute at the appropriate time. Events triggering the renewal of DDJR 1 did not occur until after the September 30, 2016 fact discovery cutoff and even after the October 7, 2016 deadline for seeking court intervention on fact discovery disputes. Moreover, it does not appear that the filing of the renewed DDJR 1 would have any impact on the case schedule set by Judge Davila.

3

1       22-23)); and

2       (2) Metadata associated with any of the memos that have been publicly filed with the

3       court. Here, defendants say (and plaintiffs do not deny) that the memos were altered

4       (i.e., by putting certain text in bold print) before the documents were filed with the

5       court.

Plaintiffs say that they have produced all their final memos concerning the Endweiss interviews,[2] and they argue that is as far as any waiver of the work product protection extends. Production of those final memos, say plaintiffs, does not waive work product protection over any interview notes. Plaintiffs maintain that the notes are opinion work product for which defendants have no compelling need.

The matter is deemed suitable for determination without oral argument. Having considered the parties' respective arguments, this court denies defendants' renewed request for discovery.

To the extent defendants suggest that the submission of the investigators' declarations and memos in court filings effected a broad subject matter waiver of any work product protection applicable to communications with Endweiss, their argument is rejected. The determination whether there has been any waiver is rooted in principles of fairness. SNK Corp. of America v. Atlus Dream Entertainment Co., Ltd., 188 F.R.D. 566, 571 (N.D. Cal. 1999). The analysis "requires a court to balance competing interests: 'the need for discovery' with 'the right of an attorney to retain the benefits of his own research.'" Id. (quoting Handguards, Inc. v. Johnson & Johnson, 413 F. Supp. 926, 932 (N.D.Cal.1976)); see also Akamai Techs., Inc. v. Digital Island, Inc., No. C00-03508 CW (JCS), 2002 WL 1285126, at *10 (N.D. Cal., May 30, 2002) (rejecting the argument that subject matter waiver arises under the work product doctrine, just as it may under the attorney-client privilege; and concluding, in any event, that fairness did not mandate a waiver of the work product protection beyond the memo that had been shared with opposing

---

[2] Defendants argue that those memos have been "cherry-picked," but they have provided no basis for this court to conclude that plaintiffs have not, as they represent, submitted all of the final memos concerning the Endweiss interviews.

4

counsel).

For fact (i.e. non-opinion) work product, this means that discovery may be permitted where work product materials "(i) are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A). Additionally, courts must protect against the disclosure of "opinion work product," i.e., "the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). Under Ninth Circuit law, "[a] party seeking opinion work product must make a showing beyond the substantial need/undue hardship test required under Rule 26(b)(3) for non-opinion work product." Holmgren v. State Farm Mut. Auto. Ins., 976 F.2d 573, 577 (9th Cir. 1992). Thus, "opinion work product may be discovered and admitted when mental impressions are *at issue* in a case and the need for the material is compelling." Id.

In the present case, defendants say they seek only fact work product.

Defendants have not convincingly demonstrated why they need any notes or memos beyond what plaintiffs have already given them. The record indicates that defendants have had an opportunity to depose Endweiss and examine him about his August 2014 phone call with Greenbaum. (See Dkt. 191-2 (Endweiss Depo. at 310:8-9, 311:18-19, 22-23)). More to the point, this entire discovery dispute began over defendants' plan to challenge the complaint based on concerns about the reliability of statements attributed to Endweiss and their fear that plaintiffs would use work product materials to defend against any such motion without disclosing the same to defendants. As discussed above, defendants proceeded with their challenge. Plaintiffs, in effect, voluntarily sought permission to withdraw the Endweiss statements via an amended complaint. Whatever work product materials they relied on in making that request apparently were submitted with their briefing. Judge Davila granted plaintiffs' motion to amend. Plaintiffs amended their complaint. The Endweiss statements are gone. Defendants have not persuasively explained why they need any more notes or memos or associated metadata to defend against plaintiffs' securities fraud allegations. See Hatamian v. Advanced Micro Devices, Inc., No. 14-cv-

00226-YGR (JSC), 2016 WL 2606830, at *6 (N.D. Cal., May 6, 2016) (concluding that defendants failed to show a need for either fact or opinion work product to defend against securities fraud allegations, especially where they had an opportunity to depose witnesses under oath).

SO ORDERED.

Dated: April 10, 2017

HOWARD R. LLOYD
United States Magistrate Judge