**KERR & WAGSTAFFE LLP**
JAMES M. WAGSTAFFE (95535)
IVO LABAR (203492)
101 Mission Street, 18th Floor
San Francisco, CA 94105–1727
Telephone: (415) 371-8500
Fax: (415) 371-0500
wagstaffe@kerrwagstaffe.com
labar@kerrwagstaffe.com

*Local Counsel for Plaintiffs and the Class*

**LABATON SUCHAROW LLP**
JONATHAN GARDNER (*pro hac vice*)
MARK S. ARISOHN  (*pro hac vice*)
SERENA P. HALLOWELL (*pro hac vice*)
MICHAEL P. CANTY (*pro hac vice*)
CHRISTINE M. FOX (*pro hac vice*)
THEODORE J. HAWKINS (*pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Fax: (212) 818-0477
jgardner@labaton.com
marisohn@labaton.com
shallowell@labaton.com
mcanty@labaton.com
cfox@labaton.com
thawkins@labaton.com

*Lead Counsel for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

|  |  |
|---|---|
| IN RE INTUITIVE SURGICAL SECURITIES LITIGATION | Case No. 5:13-cv-01920-EJD (HRL)<br><br>**CLASS REPRESENTATIVES' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: October 4, 2018<br>Time: 9:00 a.m.<br>Dept.: Courtroom 4, 5th Floor<br>Judge: Hon. Edward J. Davila |

# TABLE OF CONTENTS

Page

TABLE  OF AUTHORITIES ......................................................................... ii

NOTICE OF MOTION ................................................................................. 1

STATEMENT OF ISSUES TO BE DECIDED ............................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES .............................. 2

I.    PRELIMINARY STATEMENT ......................................................... 2

    A.    The Procedural History of the Case ......................................... 2

        1.    Class and Fact Discovery .......................................... 4

        2.    Class Certification ..................................................... 4

        3.    Expert Discovery ....................................................... 5

        4.    Summary Judgment .................................................... 6

    B.    Settlement Discussions ............................................................. 6

    C.    The Proposed Settlement .......................................................... 6

    D.    Proposed Schedule of Events .................................................... 7

II.   ARGUMENT ..................................................................................... 8

    A.    The Settlement Merits Preliminary Approval ........................... 8

    B.    The Settlement Is the Result of Thorough and Arm's-Length Efforts ............... 10

    C.    The Settlement Is Well Within the Range of Reasonableness ........................... 11

    D.    The Proposed Notice Program Satisfies Rule 23(e), Due Process, and the PSLRA Requirements ............ 14

    E.    Proposed Plan of Allocation ..................................................... 16

    F.    Anticipated Legal Fees and Litigation Expenses ..................... 17

III.  CONCLUSION .................................................................................. 18

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ching v. Siemens Indus., Inc.*,
No. 11-cv-4838 MEJ, 2013 WL 6200190 (N.D. Cal. Nov. 27, 2013)................................. 15

*Grant v. Capital Mgmt. Servs., L.P.*,
No. 10-cv-2471-WQH (BGS), 2013 WL 6499698 (S.D. Cal. Dec. 11, 2013).................. 8, 9

*In re HP Sec. Litig.*,
No. 12-cv-05980-CRB, 2015 WL 4477936 (N.D. Cal. July 20, 2015) .............................. 14

*Int'l Bhd. of Elec. Workers Local 697 Pension Fund v. Int'l Game Tech., Inc.*,
No. 09-cv-00419-MMD-WGC, 2012 WL 5199742 (D. Nev. Oct. 19, 2012) ..................... 12

*Lane v. Facebook, Inc.*,
696 F.3d 811 (9th Cir. 2012) ............................................................................................. 14

*In re Linkedin User Privacy Litig.*,
309 F.R.D. 573 (N.D. Cal. 2015) ....................................................................................... 12

*Linney v. Cellular Alaska P'ship*,
No. 96-cv-3008 DLJ, 1997 WL 450064 (N.D. Cal. July 18, 1997) *aff'd*, 151
F.3d 1234 (9th Cir. 1998) ................................................................................................... 10

*Lo v. Oxnard European Motors, LLC*,
No. 11-cv-1009 JLS (MDD), 2011 WL 6300050 (S.D. Cal. Dec. 15, 2011) ..................... 13

*McPhail v. First Command Fin. Planning, Inc.*,
No. 05-cv-179-IEG-JMA, 2009 WL 839841 (S.D. Cal. Mar. 30, 2009)............................ 12

*In re Mercury Interactive Corp. Sec. Litig.*,
618 F.3d 988 (9th Cir. 2010) ............................................................................................... 8

*Nisch v. Dreamworks Animation Skg Inc.*,
No. 14-cv-04062-LHK, 2017 U.S. Dist. LEXIS 29920 (N.D. Cal. Mar. 2,
2017) .................................................................................................................................... 15

*Noll v. eBay, Inc.*,
309 F.R.D. 593 (N.D. Cal. 2015).......................................................................................... 9

*In re NVIDIA Corp. Derivative Litig.*,
No. 06-cv-06110-SBA (JCS), 2008 WL 5382544 (N.D. Cal. Dec. 22, 2008) ................... 11

*In re Omnivision Techs., Inc.*,
559 F. Supp. 2d 1036 (N.D. Cal. 2008) ......................................................................... 11, 12

CLASS REPRESENTATIVES' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF
PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 5:13-CV-01920-EJD (HRL)

ii

*Orvis v. Spokane Cty*,
  281 F.R.D. 469 (E.D. Wash. 2012) ................................................................. 13

*In re Portal Software, Inc. Sec. Litig.*,
  No. 03-cv-5138 VRW, 2007 WL 1991529 (N.D. Cal. June 30, 2007) ............... 10

*In re Syncor ERISA Litig.*,
  516 F.3d 1095 (9th Cir. 2008) ........................................................................ 8

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
  MDL No. 551, 1988 WL 158947 (W.D. Wash. July 28, 1988) ......................... 13

*West v. Circle K Stores, Inc.*,
  No. 04-cv-438 WBS (GGH), 2006 WL 1652598 (E.D. Cal. June 13, 2006) ......... 9, 11

*Young v. Polo Retail, LLC*,
  No. 02-cv-4546 VRW, 2006 WL 3050861 (N.D. Cal. Oct. 25, 2006) ................ 9

*In re Zynga Inc. Sec. Litig.*,
  No. 12-cv-04007 (JSC), 2015 WL 6471171 (N.D. Cal. Oct. 27, 2015) .............. 9, 10

**Statutes**

15 U.S.C. § 78u-4(a)(7)(A)-(F) ............................................................................. 15

15 U.S.C. § 78u-4(e) ............................................................................................ 16

**Rules**

Fed. R. Civ. P. 23 ........................................................................................ 1, 9, 14

Fed. R. Civ. P. 23(a) ............................................................................................. 2

Fed. R. Civ. P. 23(b)(3) ......................................................................................... 2

Fed. R. Civ. P. 23(c)(2)(B) .................................................................................... 14

Fed. R. Civ. P. 23(e) ............................................................................................. 2

Fed. R. Civ. P. 23(f) ............................................................................................. 5

**Suspects**

Manual for Complex Litigation (Fourth)(2004) ...................................................... 9

# NOTICE OF MOTION

TO:     ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 4, 2018, at 9:00 a.m., or as soon thereafter as they may be heard, if a hearing is required by the Court.  Class Representatives the Employees' Retirement System of the State of Hawaii ("Hawaii ERS") and Greater Pennsylvania Carpenters' Pension Fund ("Greater Pennsylvania"), on behalf of themselves and all members of the certified Class, will move this Court for an Order, pursuant to Rule 23 of the Federal Rules of Civil Procedure: (i) granting preliminary approval of the proposed Settlement of this class action; (ii) approving the form and substance of the proposed long-form notice, proof of claim, and publication notice, as well as the proposed methods of disseminating notice to the Class; (iii) scheduling a date for the final settlement hearing; and (iv) providing such other and further relief as this Court deems just and proper.

This motion is unopposed and is supported by the following memorandum of points and authorities, the accompanying Declaration of Jonathan Gardner, dated September 11, 2018 ("Gardner Decl.") and the exhibits attached thereto, including the Stipulation and Agreement of Settlement, dated as of September 11, 2018 ("Stipulation"), which is annexed as Exhibit 1.[1]

A proposed Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement ("Preliminary Approval Order"), with annexed exhibits, which was negotiated by the Parties, is also submitted herewith.

# STATEMENT OF ISSUES TO BE DECIDED

(1)     Should the Court grant preliminary approval of the proposed Settlement on the terms set forth in the Stipulation?

(2)     Should the Court approve the form and substance of the proposed Notice of Proposed Settlement and Motion for Attorneys' Fees and Expenses ("Settlement Notice"), Proof of Claim and Release form ("Proof of Claim"), and the Summary Notice of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses ("Summary Notice"), appended as Exhibits A-1 through A-3 to the

---

[1] All capitalized terms used herein are defined in the Stipulation and have the same meanings as set forth therein.  All references to "Ex. ___" herein are references to exhibits attached to the Gardner Declaration.

CLASS REPRESENTATIVES' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF
PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 5:13-cv-01920-EJD (HRL)

1

proposed Preliminary Approval Order, as well as the manner of notifying the Class of the Settlement?

(3)  Should the Court schedule a hearing to determine whether the Settlement and Plan of Allocation should be finally approved and to consider Class Counsel's application for an award of attorneys' fees and payment of expenses ("Settlement Hearing")?

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  PRELIMINARY STATEMENT

Hawaii ERS and Greater Pennsylvania ("Class Representatives," or "Plaintiffs"), through their counsel Labaton Sucharow LLP ("Class Counsel"), submit this memorandum of points and authorities in support of their unopposed motion, pursuant to Federal Rules of Civil Procedure 23(a), (b)(3), and (e), for preliminary approval of a proposed class action settlement in the amount of $42,500,000 in cash, pursuant to the terms set forth in the Stipulation, which will resolve this Action.  Class Representatives entered into the Stipulation with each of the defendants in the Action:  Intuitive Surgical, Inc. ("Intuitive" or the "Company"), and Gary S. Guthart, Marshall L. Mohr, and Lonnie M. Smith (collectively, the "Individual Defendants," and, together with Intuitive, the "Defendants").

Class Representatives respectfully submit that the Settlement is a very good result for the Class and should be preliminarily approved by the Court.  The decision to settle was informed by a comprehensive investigation, robust class, fact and expert discovery, intensive motion practice, and extensive arm's-length negotiations.  For the reasons stated herein, Class Representatives respectfully request that the Court grant this motion.

### A.  The Procedural History of the Case

The initial class action complaint concerning the claims was filed on April 26, 2013, alleging that Defendants violated the federal securities laws.  On June 25, 2013, two separate movants filed motions seeking to be appointed as lead plaintiff and for approval of their selection of counsel.  ECF Nos. 14-24.  On November 18, 2013, the Court issued an order appointing Hawaii ERS as lead plaintiff and approving its selection of Labaton Sucharow LLP as Lead Counsel for the proposed class.  ECF No. 50.

CLASS REPRESENTATIVES' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF
PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 5:13-CV-01920-EJD (HRL)

2

On October 15, 2013, Plaintiffs filed and served the Amended Class Action Complaint (the "Complaint") asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Sections 20(a) and 20A of the Exchange Act.   ECF No. 48.   The Complaint added Greater Pennsylvania as a named plaintiff to the litigation.

The Complaint was based upon Lead Counsel's extensive factual investigation, which included, among other things, the review and analysis of:   (i) press releases, news articles, transcripts, and other public statements issued by or concerning Intuitive and the Individual Defendants; (ii) research reports issued by financial analysts concerning Intuitive's business; (iii) reports filed publicly by Intuitive with the U.S. Securities and Exchange Commission (the "SEC"); (iv) an investigation conducted by and through Lead Counsel, which included interviews of numerous former employees of Intuitive on a confidential basis; (v) news articles, media reports and other publications concerning the minimally invasive robotic surgery industry and markets; (vi) certain pleadings filed in other pending litigation naming Intuitive as a defendant; (vii) other publicly available information and data concerning Intuitive, its securities, and the markets therefor.   Lead Counsel also consulted with economic experts regarding loss causation and damages.

Defendants moved to dismiss the Complaint on December 16, 2013.   ECF No. 53. Following briefing, the Court denied in part, and granted in part, Defendants' motion on August 21, 2014.   ECF No. 83.   Defendants filed their answer to the Complaint on October 10, 2014. ECF No. 87.   Defendants filed a motion for reconsideration of the Court's order denying, in part, the motion to dismiss on November 5, 2014.   ECF No. 93.   The Court denied Defendants' motion for reconsideration on December 15, 2014.   ECF No. 98.

On January 26, 2017, Plaintiffs filed a Second Amended Class Action Complaint ("Second Amended Complaint") to conform the pleadings to the evidence.   ECF No. 213.   On February 9, 2017, Defendants moved to dismiss the Second Amended Complaint and discovery was stayed pursuant to the PSLRA.   ECF No. 215.   Plaintiffs opposed Defendants' motion on February 23, 2017 (ECF No. 220), and Defendants filed reply papers on March 2, 2017.   ECF

CLASS REPRESENTATIVES' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF
PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 5:13-cv-01920-EJD (HRL)

3

No. 222. The Court denied the motion to dismiss the Second Amended Complaint on September 29, 2017, and discovery resumed. ECF No. 237.

### 1. Class and Fact Discovery

Following the denial of Defendants' first motion to dismiss and motion for reconsideration, the Parties proceeded with discovery. Plaintiffs served interrogatories and requests for production of documents on both Defendant Intuitive and the Individual Defendants. Plaintiffs also served document subpoenas on 24 third-party individuals and entities, including Intuitive's customers. In total, Class Representatives received and analyzed more than 554,377 pages of documents produced by Defendants and third parties.

Class Representatives took or defended 24 fact depositions and served 104 requests for admission on Defendants.

Class Representatives Hawaii ERS and Greater Pennsylvania each separately responded to 21 interrogatories and 25 requests for production of documents from Defendants, and each produced witnesses who sat for depositions noticed by Defendants.

During fact discovery, the Parties briefed, and the Court ruled on, several discovery disputes. For example, Discovery Dispute Joint Report ("DDJR") #1 was filed October 7, 2015, concerning the production of certain work product related to a confidential witness. ECF No. 131. The motion was denied without prejudice by Magistrate Judge Lloyd on September 19, 2016. ECF No. 173. DDJR #4 was filed on May 19, 2016, concerning the production of certain product quality documents and deposition exhibits in litigation between Intuitive and its product liability insurers. ECF No. 170. The motion was granted in part and denied in part by Magistrate Judge Lloyd on October 12, 2016. ECF No. 178. DDJR #5 was filed on May 19, 2016, concerning Plaintiffs' request for 16 additional depositions. ECF No. 171. The motion was denied by Magistrate Judge Lloyd on October 19, 2016. ECF No. 180.

### 2. Class Certification

On September 1, 2015, Plaintiffs filed their motion for class certification. ECF No. 123. On October 15, 2015, Defendants filed their opposition to class certification. ECF No. 135.

CLASS REPRESENTATIVES' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF
PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 5:13-cv-01920-EJD (HRL)

4

Plaintiffs filed their reply on November 16, 2015.  ECF No. 140.  The Court held oral argument on Plaintiffs' motion on January 21, 2016.  ECF No. 159.

On December 22, 2016, the Court issued an order granting Plaintiffs' motion, certifying the Class, appointing Hawaii ERS and Greater Pennsylvania as Class Representatives, and appointing Labaton Sucharow as Class Counsel.  ECF No. 204.  The Court certified a class of:

> "[a]ll persons or entities who purchased or acquired the publicly traded common stock of Intuitive Surgical, Inc. during the period from February 6, 2012 through July 18, 2013, inclusive, and who were damaged thereby.  Excluded from the Class are (i) all Defendants; (ii) members of the immediate families of individual defendants Guthart, Mohr, and Smith; (iii) any subsidiaries and affiliates of Defendants; (iv) any person who is or was an officer or director of Intuitive or any of Intuitive's subsidiaries of affiliates; (v) Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; (vi) Intuitive's employee retirement and benefit plan(s); and (vii) the legal representatives, heirs, successors and assigns of any such excluded person or entity."

*Id.*

On January 5, 2017, Defendants filed a petition for permission to appeal the Court's order certifying the class pursuant to Federal Rule of Civil Procedure 23(f).  On October 30, 2017, the Ninth Circuit denied Defendants' petition.

On December 6, 2017, the Class Representatives filed a motion to approve the form, content, and method for providing notice of the pendency of the Action to the Class, including the appointment of Garden City Group LLC ("GCG") as the notice administrator.  ECF No. 245.  Defendants partially opposed the motion on December 20, 2017.  ECF No. 247.  On March 12, 2018, the Court issued an order approving the notice-of-pendency program, which included a notice that was mailed by first-class mail (the "Class Notice"), and a publication summary notice.  ECF No. 258.  The notices were disseminated as ordered by the Court.  ECF No. 285.  There have been six valid requests for exclusion from the Class.

### 3.    Expert Discovery

The case involved extensive expert analysis and testimony on a wide array of subject matters.  On November 8, 2016, Plaintiffs served the opening expert reports of their three proffered expert witnesses concerning Intuitive's compliance with FDA regulations, insider

trading, and damages and loss causation, respectively.  On December 13, 2016, Defendants served the rebuttal expert reports of their three proffered expert witnesses.  On February 8, 2017, Plaintiffs served a supplemental report on the issue of loss causation and damages.

Between December 1, 2017 and December 14, 2017, Class Representatives took depositions of Defendants' three experts, and defended the depositions of Plaintiffs' three experts.

### 4.  Summary Judgment

On February 9, 2018, Defendants filed their opening motion for summary judgment, challenging the elements of loss causation and asserting their truth-on-the-market defense against Class Representatives' claims.  ECF Nos. 252-53.  On March 23, 2018, Class Representatives filed their opposition to Defendants' motion for summary judgment.  ECF Nos. 259-66.  On April 23, 2018, Defendants filed their reply in support of summary judgment.  ECF Nos. 272-73.

The Court set a hearing on the Defendants' summary judgment motion for June 14, 2018, and later adjourned the hearing until June 27, 2018.  ECF No. 279.  The motion was pending when the Parties reached an agreement in principle to settle.

### B.  Settlement Discussions

Beginning in the spring of 2018, the parties began initial discussions concerning the possibility of a negotiated resolution of the case.  They engaged in extensive arm's-length negotiations concerning a potential settlement.  As a result of these discussions, the Parties reached an agreement-in-principle to settle the Action on June 6, 2018, which was memorialized in a term sheet after additional negotiations on August 14, 2018.

### C.  The Proposed Settlement

Pursuant to the proposed Settlement, within ten (10) business days after the later of (i) entry of an order preliminarily approving the Settlement or (ii) receipt of complete and accurate payment instructions and W-9 for the Settlement Fund from Class Counsel, Defendants shall deposit, or cause to be deposited, by wire transfer $10,000,000 into the Escrow Account.  The

CLASS REPRESENTATIVES' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF
PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 5:13-cv-01920-EJD (HRL)

6

1   remaining $32,500,000 shall be deposited, or caused to be deposited, by Defendants by wire

2   transfer ten (10) calendar days before the date set by the Court for the Settlement Hearing.

3          In exchange for this payment, upon the Effective Date of the Settlement, each Class

4   Representative and Class Member (who is not otherwise properly excluded from the Class), on

5   behalf of themselves and each of the Releasing Plaintiff Parties, shall be deemed to have fully,

6   finally, and forever waived, released, discharged, covenanted not to bring, and dismissed each

7   and every one of the Released Claims against each and every one of the Released Defendant

8   Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or

9   maintaining any and all of the Released Claims against any and all of the Released Defendant

10  Parties. *See* Stipulation ¶ 3.   The definition of Released Claims has been tailored to release

11  claims that relate to transactions in Intuitive publicly traded common stock during the Class

12  Period that were raised or could have been raised by Class Members in the Action.   *See*

13  Stipulation ¶¶ 1(aa).

14         After approval of the Settlement, the Claims Administrator, GCG, will process all claims

15  received and will apply the plan of allocation for the proceeds of the Settlement approved by the

16  Court at the Settlement Hearing.   At the completion of the administration, GCG will distribute

17  the Net Settlement Fund to eligible claimants, and will continue to do so as long as it is

18  economically feasible to make distributions.   *See* Stipulation ¶ 25.   When it is no longer

19  feasible to make additional distributions, because of the *de minimis* amount of funds left in the

20  Net Settlement Fund, Class Representatives will seek court-approval of one or more non-profit,

21  non-sectarian organizations.  *Id*.

22         **D.      Proposed Schedule of Events**

23         Class Representatives respectfully propose the following schedule for the various

24  Settlement-related events, each of which is reflected in the proposed Preliminary Approval

25  Order submitted herewith:

26

| Deadline for mailing individual Settlement Notices and Proofs of Claim (the "Notice Date") | *10 calendar days after entry of the Preliminary Approval Order* |
|---|---|

27

28

Class Representatives' Unopposed Motion For Preliminary Approval Of
Proposed Class Action Settlement
Case No. 5:13-cv-01920-EJD (HRL)

7

| | |
|---|---|
| Deadline for publication of Summary Notice in *Investor's Business Daily* and transmission over *PR Newswire* | ***Within 14 calendar days of the Notice Date*** |
| Deadline for filing motions in support of the Settlement, the Plan of Allocation, and Class Counsel's application for an award of attorneys' fees and expenses | ***No later than 35 calendar days before the Settlement Hearing*** |
| Deadline for submission of additional requests for exclusion from the Class; requests to opt-back into the Class; or objections to the Settlement, Plan of Allocation, or the request for attorneys' fees and expenses | ***No later than 21 calendar days before the Settlement Hearing*** |
| Deadline for filing reply papers in support of the Settlement, the Plan of Allocation, and/or Class Counsel's application for an award of attorneys' fees and expenses | ***No later than 7 calendar days before the Settlement Hearing*** |
| Deadline for submission of Proofs of Claim | ***Postmarked or electronically submitted no later than 14 calendar days before the Settlement Hearing*** |
| Settlement Hearing | ***At the Court's convenience, but no fewer than 100 calendar days after the date of this motion and, preferably, before the end of 2018.*** |

The foregoing schedule is similar to those used and approved by numerous courts in class action settlements and complies with the Ninth Circuit's ruling in *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988 (9th Cir. 2010) (requiring that fee motion be made available to the class before the deadline for objecting to the fee).

## II.   ARGUMENT

### A.      The Settlement Merits Preliminary Approval

As a matter of public policy, settlement is a strongly favored method for resolving disputes, especially in complex class actions.  *See, e.g.*, *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) ("[T]here is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned.") (citation omitted); *Grant v. Capital Mgmt. Servs., L.P.*, No. 10-cv-2471-WQH (BGS), 2013 WL 6499698, at *2 (S.D. Cal.

CLASS REPRESENTATIVES' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF
PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 5:13-CV-01920-EJD (HRL)

8

Dec. 11, 2013) ("Voluntary conciliation and settlement are the preferred means of dispute resolution in complex class action litigation.") (citation omitted).

Federal Rule of Civil Procedure 23 requires court approval for any settlement of a class action.  Approval of class action settlements normally proceeds in two stages:  (i) preliminary approval, followed by notice to the class; and (ii) final approval.  *See, e.g.*, *Noll v. eBay, Inc.*, 309 F.R.D. 593, 602 (N.D. Cal. 2015); *West v. Circle K Stores, Inc.*, No. 04-cv-438 WBS (GGH), 2006 WL 1652598, at *2 (E.D. Cal. June 13, 2006); Manual for Complex Litigation (Fourth) § 13.14 (2004).  By this motion, Class Representatives request that the Court take the first step in the approval process:  preliminary approval of the Settlement.

The preliminary approval standard involves "both a procedural and a substantive component."  *Young v. Polo Retail, LLC,* No. 02-cv-4546 VRW, 2006 WL 3050861, at *5 (N.D. Cal. Oct. 25, 2006).  As the court in *Young* explained:

> If the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval, then the court should direct that the notice be given to the class members of a formal fairness hearing. . . .

*Id*. (citing Manual for Complex Litigation (Second) § 30.44 (1985)) (alterations in original); *see also In re Zynga Inc. Sec. Litig.*, No. 12-cv-04007 (JSC), 2015 WL 6471171, at *8-11 (N.D. Cal. Oct. 27, 2015) (granting preliminary approval after finding proposed settlement was "non-collusive," "lacks obvious deficiencies," and was "within the range of possible approval").

A court "need not conduct a full settlement fairness appraisal before granting preliminary approval." *Grant*, 2013 WL 6499698, at *5 (citation and internal quotations omitted).  "The Court cannot fully assess all of [the] fairness factors until after the final approval hearing; thus, 'a full fairness analysis is unnecessary at this stage.'" . . . Instead, 'the settlement need only be potentially fair, as the Court will make a final determination of its adequacy at the hearing on Final Approval, after such time as any party has had a chance to

CLASS REPRESENTATIVES' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF
PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 5:13-CV-01920-EJD (HRL)

9

object and/or opt out.'"[2]   *Zynga Inc.*, 2015 WL 6471171, at *8 (internal citations omitted). Applying the standards set forth above, the Settlement should be preliminarily approved.

## B.    The Settlement Is the Result of Thorough and Arm's-Length Efforts

There is an initial presumption that a proposed settlement is fair and reasonable when it is the "product of arms-length negotiations."   *In re Portal Software, Inc. Sec. Litig.*, No. 03-cv-5138 VRW, 2007 WL 1991529, at *6 (N.D. Cal. June 30, 2007); *see also Linney v. Cellular Alaska P'ship*, No. 96-cv-3008 DLJ, 1997 WL 450064, at *5 (N.D. Cal. July 18, 1997) *aff'd*, 151 F.3d 1234 (9th Cir. 1998) ("The involvement of experienced class action counsel and the fact that the settlement agreement was reached in arm's length negotiations, after relevant discovery had taken place create a presumption that the agreement is fair.") (citation omitted). Here, the Parties have vigorously investigated and litigated the Action since its inception and the Settlement was achieved only after diligent arm's-length negotiations between counsel with considerable knowledge and expertise in the field of federal securities law, including securities fraud class actions under the Securities Exchange Act.

Before and during the negotiations between counsel, the strengths and weaknesses of Class Representatives' and Defendants' respective claims and defenses were fully explored by the Parties.  Class Counsel developed a deep understanding of the facts of the case and merits of the claims through their analysis of, *inter alia*:  (i) publicly available information regarding the Company and interviews of former employees of Intuitive; (ii) substantive briefing on Defendants' motions to dismiss; (iii) extensive class, fact and expert discovery, including 11 merits depositions and 6 expert depositions; (iv) consultations with experts in FDA regulation, insider trading, and damages and loss causation; (v) intensive summary judgment motion

---

[2] In connection with final approval of the Settlement, the Court will be asked to review the following factors identified by the Ninth Circuit:  "(1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement."   *Zynga Inc.*, 2015 WL 6471171, at *8 (citing *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011)).

1    practice and briefing; and (vi) frank discussions between counsel for Plaintiffs and Defendants

2    during the negotiation process. With an informed understanding, the Class Representatives

3    agreed to the Settlement. There has been no collusion.

4           Additionally, throughout the Action, Class Representatives had the benefit of the advice

5    of knowledgeable counsel with extensive experience in shareholder class action litigation and

6    securities fraud cases. Labaton Sucharow is among the most experienced and skilled firms in

7    the securities litigation field, and has a long and successful track record in such cases. *See*

8    Ex. 2. Labaton Sucharow has served as lead counsel in a number of high profile matters. *See,*

9    *e.g.*, *In re Am. Int'l Grp, Inc. Sec. Litig.*, No. 04-cv-8141 (S.D.N.Y.) ($1 billion recovery); *In re*

10   *HealthSouth Corp. Sec. Litig.*, No. 03-cv-1500 (N.D. Ala.) ($600 million recovery); and *In re*

11   *Countrywide Sec. Litig.*, No. 07-cv-5295 (C.D. Cal.) ($600 million recovery).

12          Courts give considerable weight to the opinion of experienced and informed counsel.

13   *See, e.g.*, *In re NVIDIA Corp. Derivative Litig.*, No. 06-cv-06110-SBA (JCS), 2008 WL

14   5382544, at *4 (N.D. Cal. Dec. 22, 2008) ("[S]ignificant weight should be attributed to

15   counsel's belief that settlement is in the best interest of those affected by the settlement.")

16   (citation omitted). In *In re Omnivision Technologies, Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D.

17   Cal. 2008), the court held that the recommendation of counsel weighed in favor of settlement

18   given their familiarity with the dispute and their significant experience in securities litigation.

19   Class Counsel's belief in the fairness and reasonableness of the Settlement warrants a

20   presumption of reasonableness.

21          **C.      The Settlement Is Well Within the Range of Reasonableness**

22          "[A]t this preliminary approval stage, the court need only 'determine whether the

23   proposed settlement is within the range of possible approval.'" *West*, 2006 WL 1652598, at *11

24   (citation omitted). This Settlement is well within the range of reasonableness for several

25   reasons.

26          Class Representatives' damages expert has estimated that if liability were established

27   with respect to all of the claims, including all three remaining alleged corrective disclosures, the

28   maximum aggregate damages likely recoverable at trial would be approximately $579 million.

As a percentage of this maximum estimate of damages, the $42.5 million Settlement represents a recovery of approximately 7.34%. Since the passage of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), courts have approved settlements that recovered a similar, or smaller, percentage of maximum damages. *See, e.g.*, *McPhail v. First Command Fin. Planning, Inc.*, No. 05-cv-179-IEG-JMA, 2009 WL 839841, at *5 (S.D. Cal. Mar. 30, 2009) (finding a $12 million settlement recovering 7% of estimated damages was fair and adequate); *Omnivision*, 559 F. Supp. 2d at 1042 ($13.75 million settlement yielding 6% of potential damages after deducting fees and costs was "higher than the median percentage of investor losses recovered in recent shareholder class action settlements"); *Int'l Bhd. of Elec. Workers Local 697 Pension Fund v. Int'l Game Tech., Inc.*, No. 09-cv-00419-MMD-WGC, 2012 WL 5199742, at *2-3 (D. Nev. Oct. 19, 2012) (approving $12.5 million settlement recovering about 3.5% of the maximum damages that plaintiffs believe could be recovered at trial and noting that the amount is within the median recovery in securities class actions settled in the last few years).

The Settlement is also well-above the $6 million median settlement amount in securities cases in 2017. *See* Stefan Boettrich and Svetlana Starykh, Recent Trends in Securities Class Action Litigation: 2017 Full-Year Review, at 30 (NERA Jan. 2018) (reporting median settlement value of $6 million in 2017), attached as Ex. 3 to the Gardner Decl.

Moreover, the 7.34% estimated recovery assumes that Class Representatives were able to establish damages based on all alleged corrective disclosures. In contrast, in Defendants' motion for summary judgment, they argued for exclusion of each of the remaining corrective disclosures on the grounds that Class Representatives failed to sufficiently link each disclosure to Defendants' alleged fraud. Defendants further argued, based on gathered evidence, that each disclosure should be excluded because the market was already aware of the relevant truth. If these arguments prevailed at summary judgment, the Class would have recovered nothing.

The Settlement also represents a prompt and substantial tangible recovery, without the considerable risk, expense, and delay of prevailing on summary judgment motions, trial, and post-trial litigation. *See, e.g.*, *In re Linkedin User Privacy Litig.*, 309 F.R.D. 573, 587 (N.D. Cal. 2015) ("Generally, unless the settlement is clearly inadequate, its acceptance and approval

CLASS REPRESENTATIVES' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF
PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 5:13-CV-01920-EJD (HRL)

12

1    are preferable to lengthy and expensive litigation with uncertain results.") (citation omitted); *In*
2    *re Wash. Pub. Power Supply Sys. Sec. Litig.*, MDL No. 551, 1988 WL 158947, at *4 (W.D.
3    Wash. July 28, 1988) (finding settlement to be in the "best interests of the class . . . before it is
4    subjected further to the vagaries of litigation").  While Class Representatives believe they could
5    have succeeded in establishing each of the elements of their claims, they faced considerable
6    obstacles in continuing the Action.

7         For instance, if the case were to proceed, Class Representatives would have had to brief,
8    argue, and the Court would rule on, the anticipated *Daubert* and pending summary judgment
9    motions.  Defendants' summary judgment motion sought judgment as a matter of law on the
10   element of loss causation and Defendants' truth-on-the-market affirmative defense.  There was
11   no guarantee that the Class would prevail upon these motions, and, even if they did, how the
12   Court's rulings would affect how the case would be presented to the jury.  These risks aside, the
13   trial of Class Representatives' claims would inevitably be complex and long, and even a
14   favorable verdict would likely spur a lengthy post-trial and appellate process.

15        Accordingly, in light of the substantial risks and expense of continued litigation, and
16   compared to the certain and prompt recovery of $42,500,000, the Settlement is a very good
17   result that is well within the range of reasonableness.  *See, e.g.*, *Orvis v. Spokane Cty*, 281
18   F.R.D. 469, 475 (E.D. Wash. 2012) ("the proposed benefit to class members appears to the
19   Court to be within the range of fair and reasonable compensation given the uncertain outcome
20   of the legal arguments and the risks and probable delay for Plaintiff and class members if
21   litigation were to proceed toward trial"); *Lo v. Oxnard European Motors, LLC*, No. 11-cv-1009
22   JLS (MDD), 2011 WL 6300050, at *5 (S.D. Cal. Dec. 15, 2011) (addressing preliminary
23   approval and stating that "'[c]onsidering the potential risks and expenses associated with
24   continued prosecution of the Lawsuit, the probability of appeals, the certainty of delay, and the
25   ultimate uncertainty of recovery through continued litigation,' the Court finds that, on balance,
26   the proposed settlement is fair, reasonable, and adequate") (alteration in original) (citation
27   omitted).

28

CLASS REPRESENTATIVES' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF
PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 5:13-cv-01920-EJD (HRL)

13

For all the foregoing reasons, Class Representatives respectfully request that the Court preliminarily approve the proposed Settlement.

**D.    The Proposed Notice Program Satisfies Rule 23(e), Due Process, and the PSLRA Requirements**

Class Counsel propose that notice be given to the Class in the form of the mailed Settlement Notice and published Summary Notice, attached as Exhibits A-1 and A-3 to the proposed Preliminary Approval Order.  Notice to the Class in the form and in the manner set forth in the proposed Preliminary Approval Order will fulfill the requirements of due process and comply with the Federal Rules of Civil Procedure and the PSLRA.

Notice must be given to class members in the most practicable manner under the circumstances and must describe "'the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'"  *See, e.g.*, *Lane v. Facebook, Inc.*, 696 F.3d 811, 826 (9th Cir. 2012) (quoting *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 962 (9th Cir. 2009)); *see also* Fed. R. Civ. P. 23(c)(2)(B).  Class Representatives propose to provide Class Members notice:  (i) by first-class mailing of the long-form Settlement Notice, addressed to all Class Members who can reasonably be identified and located, including by using the mailing information gathered from the mailing of the Class Notice; and (ii) by publication of the Summary Notice in *Investor's Business Daily* and its transmission on the internet over *PR Newswire*.  *See In re HP Sec. Litig.*, No. 12-cv-05980-CRB, 2015 WL 4477936, at *2 (N.D. Cal. July 20, 2015) (finding the procedures for notice, including mailing individual notice and publication notice satisfy Rule 23, the PSLRA, and constitute the best notice practicable).  The Settlement Notice will also be posted on the case website, established in connection with the Class Notice, and Class Counsel's website.

The form and substance of the notice program are also sufficient.  The proposed forms of notice describe the terms of the Settlement and the Class' recovery; the considerations that caused Class Representatives and Class Counsel to conclude that the Settlement is fair, adequate, and reasonable; the maximum attorneys' fees and expenses that may be sought; the

procedure for requesting exclusion from the Class;[3] the procedure for objecting to the Settlement; the procedure for participating in the Settlement; the proposed Plan of Allocation; and the date and place of the Settlement Hearing.  *See Ching v. Siemens Indus., Inc*., No. 11-cv-4838 MEJ, 2013 WL 6200190, at *6 (N.D. Cal. Nov. 27, 2013) (approving notice that "adequately describes the nature of the action, summarizes the terms of the settlement, identifies the class and provides instruction on how to opt out and object, and sets forth the proposed fees and expenses to be paid to Plaintiff's counsel and the settlement administrator in clear, understandable language").

The Settlement Notice also satisfies the PSLRA's separate disclosure requirements by, *inter alia*, stating:  (i) the amount of the Settlement determined in the aggregate and on an average per share basis; (ii) that the Parties do not agree on the amount of damages that would be recoverable in the event Class Representatives prevailed; (iii) that Class Counsel intend to make an application for an award of attorneys' fees and expenses (including the amount of such fees and expenses determined on an average per share basis), and a brief explanation of the fees and expenses sought; (iv) the name, telephone number, and address of one or more representatives of counsel for the Class who will be available to answer questions concerning any matter contained in the Settlement Notice; and (v) the reasons why the Parties are proposing the Settlement.  *See* 15 U.S.C. § 78u-4(a)(7)(A)-(F).  The proposed Settlement Notice contains all of the information required by the PSLRA.[4]

---

[3] During the notice of pendency process, Class Members were given until June 8, 2018 to request exclusion from the Class.  In connection with the Settlement, Class Members are being given a second chance to opt-out or, if they already did so, to request that they be allowed back into the Class in order to participate in the Settlement.  Intuitive may terminate the Settlement if a certain threshold of exclusion requests is received, pursuant to the Parties' Confidential Supplemental Agreement Regarding Requests for Exclusion, dated September 11, 2018.  *See* Stipulation ¶ 39.  The Supplemental Agreement has not been filed with the Court given the confidential nature of the Termination Threshold.  *See, e.g., Nisch v. Dreamworks Animation Skg Inc*., No. 14-cv-04062-LHK, 2017 U.S. Dist. LEXIS 29920, at *8-9 (N.D. Cal. Mar. 2, 2017) (granting motion to seal supplemental agreement and noting reasons to maintain confidentiality).  However, the Supplemental Agreement can be provided to the Court *in camera*.

[4] As set forth in the Settlement Notice, the average recovery per allegedly damaged share of publicly traded common stock of Intuitive would be $1.78 per allegedly damaged share before deduction of Court-approved fees and expenses, such as attorneys' fees and expenses, and

The Notices will, when mailed and published as provided for in the Preliminary Approval Order submitted herewith, fairly apprise Class Members of the Settlement and their options with respect thereto, and fully satisfy all due process requirements.

Class Counsel also propose that the Court appoint GCG as the Claims Administrator for the Settlement in order to provide all notices approved by the Court to Class Members, to process Claim Forms, and to administer the Settlement.   GCG was approved as the administrator for the previously issued Class Notice and is a recognized leader in legal administration services for class action settlements and legal noticing programs in the country. *See* Ex. 4.

### E.    Proposed Plan of Allocation

At the final Settlement Hearing, the Court will be asked to approve the proposed Plan of Allocation for the proceeds of the Settlement, which is reported in full in the Settlement Notice. The Plan of Allocation was drafted with the assistance of Class Representatives' damages expert, based on the measure of damages for claims under the Exchange Act.  *See* Settlement Notice, pp. 19 to 25.

Here, the Plan of Allocation is designed to equitably distribute the Settlement proceeds among the members of the Class who were allegedly injured by Defendants' alleged misrepresentations and who submit valid Claim Forms that are approved for payment.  The Plan provides for the calculation of a "Recognized Loss" amount for each properly documented purchase or acquisition of Intuitive common stock during the Class Period.  A claimant's total Recognized Losses will depend on, among other things, when their shares were purchased and/or sold during the Class Period in relation to the disclosure dates alleged in the Action, whether the shares were held through or sold during the statutory 90-day look-back period, see 15 U.S.C. § 78u-4(e) (providing methodology for limiting damages in securities fraud actions), and the value of the shares when they were sold or held.

---

approximately $1.34 per allegedly damaged share after deduction of attorneys' fees and expenses.

CLASS REPRESENTATIVES' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF
PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 5:13-cv-01920-EJD (HRL)

16

The Recognized Loss formulas are tied to liability and damages.  In developing the Plan of Allocation, the Class Representatives' damages expert considered the amount of artificial inflation allegedly present in Intuitive's common stock throughout the Class Period that was purportedly caused by the alleged fraud.  In this respect, an inflation table was created and is reported in the Settlement Notice as part of the Plan of Allocation.  The table will be utilized by the Claims Administrator in calculating Recognized Loss amounts for claimants.

The Claims Administrator will calculate claimants' Recognized Losses using the transactional information provided by claimants in their claim forms.  Because most securities are held in "street name" by the brokers that buy them on behalf of clients, the Claims Administrator, Class Counsel, and Defendants do not have Class Members' transactional data. Because the Settlement does not recover 100% of alleged damages, the Claims Administrator will determine each eligible claimant's *pro rata* share of the Net Settlement Fund based upon each claimant's total "Recognized Claim" compared to the aggregate Recognized Claims of all eligible claimants.

Once the Claims Administrator has processed all submitted claims, distributions will be made to eligible claimants.  After an initial distribution of the Net Settlement Fund, if there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution, Class Counsel will, if feasible and economical, re-distribute the balance among eligible claimants who have cashed their checks.  These re-distributions will be repeated until the balance in the Net Settlement Fund is no longer feasible to distribute.  Any balance that still remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after payment of any outstanding Notice and Administration Expenses or Taxes, will be donated to one or more non-sectarian, not-for-profit organizations approved by the Court.

### F.    Anticipated Legal Fees and Litigation Expenses

As set forth in the Settlement Notice, Class Counsel intend to move for attorneys' fees of no more than 19% of the Settlement Fund and litigation expenses of no more than $2.5

Class Representatives' Unopposed Motion For Preliminary Approval Of
Proposed Class Action Settlement
Case No. 5:13-cv-01920-EJD (HRL)

17

million, which would include an application for reimbursement by the Class Representatives pursuant to the PSLRA.

A 19% fee would amount to $8,075,000, which is substantially less than the legal fees Plaintiffs' counsel have expended in this case and less than the 25% "benchmark" recognized within the Ninth Circuit.  The requested fee would provide a significant negative "multiplier" to Plaintiffs' counsel.  The basis of Class Counsel's fee and expense request will be detailed in their upcoming motion requesting fees and expenses.

Class Counsel's maximum expense figure is based upon total-to-date expenses of approximately $2.1 million, plus PSLRA reimbursement for the Class Representatives, and an additional "cushion" to cover incurred expenses that have not yet been invoiced or expenses that will be incurred between now and Class Counsel's motion for fees and expenses.

## III.    CONCLUSION

For the foregoing reasons, Class Representatives respectfully request that the Court issue an order substantially in the form of the proposed Preliminary Approval Order: (a) preliminarily approving the Settlement; (b) holding that the manner and forms of notice set forth in the Preliminary Approval Order satisfy due process and provide the best notice practicable under the circumstances, and ordering that notice be provided to the Class; (c) setting a date for the Settlement Hearing; (d) appointing GCG as Claims Administrator; and (e) granting such other and further relief as may be required.

Dated: September 11, 2018                    **LABATON SUCHAROW LLP**

By:   /s/ Jonathan Gardner
      JONATHAN GARDNER (pro hac vice)
      MARK S. ARISOHN  (pro hac vice)
      SERENA P. HALLOWELL (pro hac vice)
      MICHAEL P. CANTY (pro hac vice)
      CHRISTINE M. FOX (pro hac vice)
      THEODORE J. HAWKINS (pro hac vice)
      ALEC T. COQUIN (pro hac vice)

      Lead Counsel for Plaintiffs and the Class

      **KERR & WAGSTAFFE LLP**
      JAMES M. WAGSTAFFE (95535)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IVO LABAR (203492)
101 Mission Street, 18th Floor
San Francisco, CA 94105–1727
Telephone: (415) 371-8500
Fax: (415) 371-0500

*Local Counsel for Plaintiffs and the Class*

CLASS REPRESENTATIVES' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF
PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 5:13-CV-01920-EJD (HRL)

19

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I will cause the mailing of the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Service List, if any.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 11, 2018

/s/ *Jonathan Gardner*
Jonathan Gardner

**Mailing Information for a Case 5:13-cv-01920-EJD**

*In re Intuitive Surgical Securities Litigation*

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Mark S. Arisohn**
  marisohn@labaton.com,kgutierrez@labaton.com,ElectronicCaseFiling@labaton.com,
  5084135420@filings.docketbird.com

- **Eric J. Belfi**
  ebelfi@labaton.com,kgutierrez@labaton.com,ElectronicCaseFiling@labaton.com,
  4076904420@filings.docketbird.com

- **Mary K. Blasy**
  mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Michael P. Canty**
  mcanty@labaton.com,kgutierrez@labaton.com,7677707420@filings.docketbird.com,
  fmalonzo@labaton.com,acarpio@labaton.com,electroniccasefiling@labaton.com

- **Michael D. Celio**
  MCelio@gibsondunn.com,EOldiges@gibsondunn.com

- **Susannah Ruth Conn**
  SConn@rgrdlaw.com,tdevries@rgrdlaw.com,e_file_sd@rgrdlaw.com,
  3022905420@filings.docketbird.com

- **Alec T Coquin**
  acoquin@labaton.com,kgutierrez@labaton.com,7391740420@filings.docketbird.com,
  electroniccasefiling@labaton.com

- **Jennifer Rae Crutchfield**
  jcrutchfield@cpmlegal.com,mkeilo@cpmlegal.com,jacosta@cpmlegal.com

- **Alexander Barnes Dryer**
  adryer@keker.com,dawn-curran-
  3389@ecf.pacerpro.com,dcurran@keker.com,efiling@keker.com,
  alexander-dryer-2761@ecf.pacerpro.com

- **Christine M. Fox**
  cfox@labaton.com,kgutierrez@labaton.com,electroniccasefilings@labaton.com,
  fmalonzo@labaton.com,6312349420@filings.docketbird.com

- **Jonathan Gardner**
  jgardner@labaton.com,kgutierrez@labaton.com,jjohnson@labaton.com,
  cvillegas@labaton.com,cfox@labaton.com,tdubbs@labaton.com,
  4027988420@filings.docketbird.com,ryamada@labaton.com,cboria@labaton.com,
  thawkins@labaton.com,acoquin@labaton.com,fmalonzo@labaton.com,
  acarpio@labaton.com,agreenbaum@labaton.com

- **Michael M. Goldberg**
  michael@goldberglawpc.com

1

- **Jo W. Golub**
  jgolub@keker.com,sandy-giminez6735@ecf.pacerpro.com,SHarmison@keker.com,
2   efiling@keker.com,jah@keker.com,jo-golub-8129@ecf.pacerpro.com

3

- **Serena Hallowell**
  shallowell@labaton.com,2853304420@filings.docketbird.com,kgutierrez@labaton.com,
4   acoquin@labaton.com,fmalonzo@labaton.com,acarpio@labaton.com,
  electroniccasefiling@labaton.com

5

- **Cecily Gwyn Harris**
6   cecily.harris@keker.com

7

- **Cody Shawn Harris**
  charris@kvn.com,jacquelynn-smith-8972@ecf.pacerpro.com,cody-harris-
8   9947@ecf.pacerpro.com,jhartmann@kvn.com,efiling@kvn.com,jsmith@kvn.com,
  rabaya@kvn.com,sharmison@kvn.com

9

- **Theodore J. Hawkins**
10   thawkins@labaton.com

11

- **John Watkins Keker**
  jwk@kvn.com,efiling@kvn.com,noelle-nichols-
12   8018@ecf.pacerpro.com,nnichols@keker.com,john-keker-0604@ecf.pacerpro.com

13

- **Ivo Michael Labar**
  labar@kerrwagstaffe.com,smoot@kerrwagstaffe.com,phan@kerrwagstaffe.com
14

15

- **Arthur Charles Leahy**
  artl@rgrdlaw.com,e_file_sd@rgrdlaw.com

16

- **Jeremy A Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com,
17   lpvega@pomlaw.com

18

- **Laurie Carr Mims**
  lmims@keker.com,smccabe@keker.com,susan-mccabe-
19   8631@ecf.pacerpro.com,efiling@keker.com,laurie-mims-6204@ecf.pacerpro.com

20

- **Reid Patrick Mullen**
  rmullen@keker.com,patty-lemos-9042@ecf.pacerpro.com,reid-mullen-
21   2561@ecf.pacerpro.com,tsherman@keker.com,plemos@keker.com,efiling@keker.com

22

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,3045517420@filings.docketbird.com,e_file_sd@rgrdlaw.com,
23   sconn@rgrdlaw.com

24

- **Laurence J Pino**
  ljp@pinonicholsonlaw.com

25

- **Laurence James Pino**
26   ljp@pinonicholsonlaw.com

27

- **Ekaterini Maria Polychronopoulos**
  kpolychronopoulos@seyfarth.com,sstitt@seyfarth.com

28

- **Philip James Tassin**
  ptassin@keker.com,sandy-giminez-
  6735@ecf.pacerpro.com,sharmison@keker.com,philip-tassin-
  6713@ecf.pacerpro.com,efiling@keker.com

- **Carol C. Villegas**
  cvillegas@labaton.com,kgutierrez@labaton.com,5739893420@filings.docketbird.com,
  jchristie@labaton.com,acoquin@labaton.com,fmalonzo@labaton.com,
  acarpio@labaton.com,electroniccasefiling@labaton.com

- **James Matthew Wagstaffe**
  wagstaffe@kerrwagstaffe.com,dwyer@kerrwagstaffe.com,bechtol@kerrwagstaffe.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Nicole M. Zeiss**
  nzeiss@labaton.com,5854006420@filings.docketbird.com,kgutierrez@labaton.com,
  ElectronicCaseFiling@labaton.com,cboria@labaton.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing).

(No manual recipients)