**KERR & WAGSTAFFE LLP**
JAMES M. WAGSTAFFE (#95535)
IVO LABAR (#203492)
101 Mission Street, 18th Floor
San Francisco, CA  94105–1727
Telephone: (415) 371-8500
Fax: (415) 371-0500
wagstaffe@kerrwagstaffe.com
labar@kerrwagstaffe.com

*Local Counsel for Plaintiffs and the Class*

**LABATON SUCHAROW LLP**
JONATHAN GARDNER (*pro hac vice*)
MARK S. ARISOHN (*pro hac vice*)
SERENA P. HALLOWELL (*pro hac vice*)
MICHAEL P. CANTY (*pro hac vice*)
CHRISTINE M. FOX (*pro hac vice*)
THEODORE J. HAWKINS (*pro hac vice*)
ALEC T. COQUIN (*pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: 212/907-0700
212/818-0477 (fax)
jgardner@labaton.com
marisohn@labaton.com
shallowell@labaton.com
mcanty@labaton.com
cfox@labaton.com
thawkins@labaton.com
acoquin@labaton.com

*Lead Counsel for Plaintiffs and the Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| IN RE INTUITIVE SURGICAL SECURITIES LITIGATION | Case No. 5:13-cv-01920 EJD (HRL) |
| | CLASS ACTION |
| | [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT |

WHEREAS, as of September 11, 2018, Class Representatives Employees' Retirement System of the State of Hawaii ("Hawaii ERS") and Greater Pennsylvania Carpenters' Pension Fund ("Greater Pennsylvania") (collectively, "Class Representatives"), on behalf of themselves and each of the members of the certified Class, on the one hand, and defendants Intuitive Surgical, Inc. ("Intuitive" or the "Company") and Gary S. Guthart ("Guthart"), Marshall L. Mohr ("Mohr"), and Lonnie M. Smith ("Smith") (collectively, the "Individual Defendants" and with Intuitive, the "Defendants"), on the other hand, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the Action, which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the Settlement of this Action; and

WHEREAS, by Order entered December 23, 2016, the Court certified a Class of: all persons or entities who purchased or acquired the publicly traded common stock of Intuitive during the period from February 6, 2012 through July 18, 2013, inclusive (the "Class Period"), and who were damaged thereby (the "Class").  Excluded from the Class by definition are: (a) all Defendants; (b) members of the immediate families of Individual Defendants Guthart, Mohr, and Smith; (c) any subsidiaries and affiliates of Defendants; (d) any person who is or was an officer or director of Intuitive or any of Intuitive's subsidiaries of affiliates; (e) Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; (f) Intuitive's employee retirement and benefit plan(s); and (g) the legal representatives, heirs, successors and assigns of any such excluded person or entity.  Also excluded from the Class is any person or entity that submitted a timely and valid request for exclusion in connection with the Notice of Pendency of Class Action (the "Class Notice") previously disseminated who has not opted back into the Class.  Also excluded from the Class shall be any person or entity that seeks exclusion by timely submitting a valid request for exclusion in connection with the Settlement Notice (defined below), which is accepted by the Court pursuant to the requirements set forth below;

WHEREAS, pursuant to this Court's Order entered March 12, 2018, the Class Notice was mailed to potential members of the Class to notify them of, among other things: (a) the Action

1 | pending against the Defendants; (b) the Court's certification of the Action as a class action on

2 | behalf of the certified Class; (c) the effect of remaining in the Class on any person or entity that

3 | falls within the definition of the Class ("Class Members") (including that Class Members will be

4 | bound by all past, present, and future orders and judgments in the Action, whether favorable or

5 | unfavorable); and (d) the right of Class Members to request exclusion from the Class, the

6 | requirements for requesting exclusion, and the effect of exclusion;

7 |       WHEREAS, the Court has reviewed and considered the Stipulation and the

8 | accompanying exhibits;

9 |       WHEREAS, the Parties to the Stipulation have consented to the entry of this order; and

10 |       WHEREAS, all capitalized terms used in this order that are not otherwise defined herein

11 | have the meanings defined in the Stipulation;

12 |       NOW, THEREFORE, IT IS HEREBY ORDERED, this __4th___ day of __October_____,

13 | 2018 that:

14 |       1.     The Court has reviewed the Stipulation and preliminarily finds the Settlement set

15 | forth therein to be fair, reasonable and adequate, subject to further consideration at the

16 | Settlement Hearing described below.

17 |       2.     A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules

18 | of Civil Procedure is hereby scheduled to be held before the Court on __December 20_____, 2018,

19 | at _10:00__ a.m. for the following purposes:

20 |       (a)    to determine whether the Settlement is fair, reasonable and adequate, and

21 | should be approved by the Court;

22 |       (b)    to determine whether the Final Order and Judgment ("Judgment") as

23 | provided under the Stipulation should be entered;

24 |       (c)    to determine whether the Plan of Allocation is fair, reasonable and

25 | adequate, and should be approved by the Court;

26 |       (d)    to consider Class Counsel's motion for an award of attorneys' fees and

27 | expenses; and

28 |

[PROPOSED] PRELIMINARY APPROVAL ORDER
CASE NO. 5:13-CV-01920 EJD (HRL)

(e)     to rule upon such other matters as the Court may deem appropriate.

3.     The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Class of any kind.  The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses.  The Court may also adjourn the Settlement Hearing or modify any of the dates herein without further notice to members of the Class.

4.     The Court approves the form, substance and requirements of the Notice of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses (the "Settlement Notice") and the Proof of Claim and Release form ("Proof of Claim"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively.

5.     The Court approves the retention of Garden City Group LLC as the Claims Administrator.  The Claims Administrator shall cause the Settlement Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before ten (10) calendar days after entry of this Preliminary Approval Order ("Notice Date"), to all Class Members who can be identified with reasonable effort, including by using the mailing records obtained in connection with the Class Notice.

6.     In the previously disseminated Class Notice, brokers and other nominees ("Nominees") were advised that if, for the beneficial interest of any person or entity other than themselves, they purchased Intuitive publicly traded common stock during the Class Period they must either:  (i) request from the administrator sufficient copies of the Class Notice to forward to all such beneficial owners, and forward them to all such beneficial owners; or (ii) provide a list of the names and addresses of all such beneficial owners to the administrator.

(a)     For Nominees who previously chose the first option (*i.e.*, elected to mail the Class Notice directly to beneficial owners), the Claims Administrator shall forward the same number of Claim Packets to such Nominees, and the Nominees SHALL, WITHIN SEVEN (7) CALENDAR DAYS of receipt of the Claim Packets, mail them to the beneficial owners.

[PROPOSED] PRELIMINARY APPROVAL ORDER
CASE NO. 5:13-CV-01920 EJD (HRL)

1    Unless the Nominee has identified additional beneficial owners whose names and addresses

2    **<u>WERE NOT</u>** previously provided to the Claims Administrator, such Nominees need not take

3    any further action;

4              (b)    For Nominees who previously chose the second option (*i.e.*, provided a

5    list of names and addresses of beneficial holders to the Claims Administrator), the Claims

6    Administrator shall promptly mail a copy of the Claim Packet to each of the beneficial owners

7    whose names and addresses the Nominee previously supplied.  Unless the Nominee has

8    identified additional beneficial owners whose names and addresses **<u>WERE NOT</u>** previously

9    provided to the Claims Administrator, such Nominees need not take any further action;

10             (c)    For Nominees that have identified additional beneficial owners who

11   **<u>WERE NOT</u>** previously identified in connection with the Class Notice, such Nominees

12   SHALL EITHER: (i) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the Claim Packet,

13   provide a list of the names and addresses of all such additional beneficial owners to the Claims

14   Administrator, or (ii) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the Claim Packet,

15   request from the Claims Administrator sufficient copies of the Claim Packet to forward to all

16   such additional beneficial owners which the Nominee SHALL, WITHIN SEVEN (7)

17   CALENDAR DAYS of receipt of the Claim Packets from the Claims Administrator, mail to the

18   beneficial owners;

19             (d)    Nominees who elect to send the Claim Packet to their beneficial owners

20   SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was

21   made and SHALL RETAIN their mailing records for use in connection with any further notices

22   that may be provided in the Action;

23             (e)    Upon full and timely compliance with this Order, Nominees who mail the

24   Claim Packets to beneficial owners, or who provide additional names and addresses of

25   beneficial owners to the Claims Administrator, may seek reimbursement of their reasonable

26   expenses actually incurred in complying with this Order by providing the Claims Administrator

27   with proper documentation supporting the expenses for which reimbursement is sought.  Such

28

[PROPOSED] PRELIMINARY APPROVAL ORDER
CASE NO. 5:13-CV-01920 EJD (HRL)

properly documented expenses incurred by Nominees in compliance with the terms of this

Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or

documentation of expenses subject to review by the Court.

7.     Class Counsel shall, at least fourteen (14) calendar days before the Settlement

Hearing, file with the Court proof of mailing of the Settlement Notice and Proof of Claim.

8.     The Court approves the form of the Summary Notice of Proposed Class Action

Settlement and Motion for Attorneys' Fees and Expenses ("Summary Notice"), substantially in

the form annexed hereto as Exhibit 3, and directs that Class Counsel shall cause the Summary

Notice to be published in *Investor's Business Daily* and be transmitted over *PR Newswire* within

fourteen (14) calendar days of the Notice Date.  Class Counsel shall, at least fourteen (14)

calendar days before the Settlement Hearing, file with the Court proof of publication of the

Summary Notice.

9.     The form and content of the notice program described herein, and the methods set

forth herein of notifying the Class of the Settlement and its terms and conditions, meet the

requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the

Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities

Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the

circumstances, and shall constitute due and sufficient notice to all persons and entities entitled

thereto.

10.     In order to be eligible to receive a distribution from the Net Settlement Fund, in

the event the Settlement is effected in accordance with the terms and conditions set forth in the

Stipulation, each claimant shall take the following actions and be subject to the following

conditions:

(a)     A properly executed Proof of Claim, substantially in the form annexed

hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in

the Settlement Notice, postmarked or electronically submitted no later than fourteen (14)

calendar days before the Settlement Hearing.  Such deadline may be further extended by Court

[PROPOSED] PRELIMINARY APPROVAL ORDER
CASE NO. 5:13-CV-01920 EJD (HRL)

order or by Class Counsel in their discretion.  Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid).  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator.  Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court or allowed by Class Counsel, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 12 of this order. Notwithstanding the foregoing, Class Counsel shall have the discretion (but not the obligation) to accept for processing late-submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.  Class Counsel shall have no liability for their discretion in accepting late claims.

(b)     The Proof of Claim submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator with such supervision by Class Counsel as necessary; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of her current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     As part of the Proof of Claim, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

11.     Any Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If any Class Member does not enter an appearance, he, she or it will be represented by Class Counsel.

12.     Class Members shall be bound by all orders, determinations and judgments in this Action, whether favorable or unfavorable, unless such Persons either timely and validly requested exclusion in connection with the Class Notice, or request exclusion from the Class in a timely and proper manner, as hereinafter provided, or as otherwise allowed by the Court.

(a)     A Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Settlement Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days before the Settlement Hearing. Such request for exclusion must state the name, address and telephone number of the Person seeking exclusion, must state that the sender requests to be "excluded from the Class in *In re Intuitive Surgical Securities Litigation,* No. 13-cv-01920 (N.D. Cal.)" and must be signed by such Person. Such Persons requesting exclusion are also directed to state the information requested in the Settlement Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases and acquisitions and sales of Intuitive publicly traded common stock during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court or the Parties.

13.     Any Person that has requested exclusion from the Class in connection with the Class Notice may elect to opt-back into the Class. By opting back into the Class, such Person shall be eligible to submit a Proof of Claim for payment from the Net Settlement Fund. Any such Person who wishes to opt-back into the Class must either, individually or through counsel, request to opt-back into the Class in writing to the Claims Administrator within the time and in the manner set forth in the Settlement Notice, which provides that any such request to opt-back into the Class must be mailed or delivered such that it is received no later than twenty-one (21)

1   calendar days before the Settlement Hearing, at the address set forth in the Settlement Notice.

2   Each request to opt-back into the Class must:  (a) provide the name, address and telephone

3   number of the person or entity requesting to opt-back into the Class; (b) state that such person or

4   entity "requests to opt-back into the Class in *In re Intuitive Surgical Securities Litigation,* No.

5   13-cv-01920 (N.D. Cal.)"; and (c) be signed by the person or entity requesting to opt-back into

6   the Class or an authorized representative.

7          14.     Class Members who have requested exclusion from the Class, and who do not

8   opt-back into the Class, shall not be eligible to receive any payment out of the Net Settlement

9   Fund as described in the Stipulation and Settlement Notice.

10         15.     The Court will consider any Class Member's objection to the Settlement, the Plan

11   of Allocation, and/or the application for an award of attorneys' fees or expenses only if such

12   Class Member has (a) served by hand or by mail his, her or its written objection and supporting

13   papers, such that they are received on or before twenty-one (21) calendar days before the

14   Settlement Hearing, and mailed to Class Counsel, Jonathan Gardner, Labaton Sucharow LLP,

15   140 Broadway, New York, NY 10005, and Defendants' Counsel Representative, Michael D.

16   Celio, Gibson Dunn & Crutcher LLP, 1881 Page Mill Road, Palo Alto, CA 94304; and (b) filed

17   said objections and supporting papers with the Clerk of the Court, United States District Court

18   for the Northern District of California, Robert F. Peckham Federal Building & United States

19   Courthouse, 280 South 1st Street, Room 2112, San Jose, CA 95113.  Any Class Member who

20   does not make his, her, or its objection in the manner provided for in the Settlement Notice shall

21   be deemed to have waived such objection and shall forever be foreclosed from making any

22   objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for

23   attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be

24   bound by the Judgment to be entered and the releases to be given.  The Court will consider all

25   proper objections even if a Class Member does not attend the Settlement Hearing.  However,

26   Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of

27   Allocation, and/or the application for an award of attorneys' fees and other expenses are required

28

to indicate in their written objection their intention to appear at the Settlement Hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

16.     Pending final determination of whether the Settlement should be approved, Class Representatives, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against the Released Defendant Parties.

17.     As provided in the Stipulation, before the Effective Date, Class Counsel may pay the Claims Administrator fees and costs associated with giving notice to the Class and the review of claims and administration of the Settlement in an amount up to $500,000.00 (five hundred thousand dollars and zero cents) out of the Settlement Fund without further approval from the Court.

18.     All papers in support of the Settlement, Plan of Allocation, and Class Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days before the Settlement Hearing.  Any reply papers are to be filed with the Court and served no later than seven (7) calendar days before the Settlement Hearing.

19.     The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved.  No person who is not a Class Member or Class Counsel shall have any right to any portion of, or to any distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.  Should the Settlement not reach its Effective Date, including by termination, the ownership of the Settlement Fund shall immediately revert to the funders in accordance with the provisions of the Stipulation without any further action by the Court.

[PROPOSED] PRELIMINARY APPROVAL ORDER
CASE NO. 5:13-CV-01920 EJD (HRL)

20.     All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

21.     Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation or any application for attorney's fees or expenses submitted by Class Counsel or Class Representatives, and such matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

22.     If the Settlement fails to become effective as defined in the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of June 7, 2018.

23.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

24.     The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

Dated:  __October 4_____, 2018    _____

HONORABLE EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE

11

[PROPOSED] PRELIMINARY APPROVAL ORDER
CASE NO. 5:13-CV-01920 EJD (HRL)

# Exhibit 1

**KERR & WAGSTAFFE LLP**
JAMES M. WAGSTAFFE (#95535)
IVO LABAR (#203492)
101 Mission Street, 18th Floor
San Francisco, CA  94105–1727
Telephone: (415) 371-8500
Fax: (415) 371-0500
wagstaffe@kerrwagstaffe.com
labar@kerrwagstaffe.com

*Local Counsel for Plaintiffs and the Class*

**LABATON SUCHAROW LLP**
JONATHAN GARDNER (*pro hac vice*)
MARK S. ARISOHN (*pro hac vice*)
SERENA P. HALLOWELL (*pro hac vice*)
MICHAEL P. CANTY (*pro hac vice*)
CHRISTINE M. FOX (*pro hac vice*)
THEODORE J. HAWKINS (*pro hac vice*)
ALEC T. COQUIN (*pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: 212/907-0700
212/818-0477 (fax)
jgardner@labaton.com
marisohn@labaton.com
shallowell@labaton.com
mcanty@labaton.com
cfox@labaton.com
thawkins@labaton.com
acoquin@labaton.com

*Lead Counsel for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE INTUITIVE SURGICAL SECURITIES LITIGATION | Case No. 5:13-cv-01920-EJD (HRL)<br><br>NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND EXPENSES<br><br>EXHIBIT A-1 |

1
2

**If you purchased or acquired the publicly traded common stock of Intuitive Surgical, Inc. during the period from February 6, 2012 through July 18, 2013, inclusive, you may be entitled to receive money from a class action settlement.**

3

*A Federal Court authorized this Notice.  This is <u>not</u> a solicitation from a lawyer.*

4

5

   This Settlement Notice describes important rights you may have and what steps you must

6

take if you wish to participate in the Settlement or wish to be excluded from the Class.  ***This***

7

***notice is different from the Notice of Pendency of Class Action ("Class Notice"), which you***

8

***might have received in the Spring of 2018 alerting you to the fact that the Class had been***

9

***certified.***

10

- The Settlement, if approved by the Court, will provide **$42,500,000** (on average approximately $1.78 per allegedly damaged share before the deduction of Court-approved fees and expenses) in cash for the benefit of the Class (described below).[1]

11

12

13

- The Settlement resolves claims by the Employees' Retirement System of the State of Hawaii ("Hawaii ERS") and Greater Pennsylvania Carpenters' Pension Fund ("Greater Pennsylvania") (collectively, "Class Representatives" or "Plaintiffs"), in a class action against Intuitive Surgical, Inc. ("Intuitive" or the "Company"), and Gary S. Guthart, Marshall L. Mohr, and Lonnie M. Smith (collectively, the "Individual Defendants," and, together with Intuitive, the "Defendants").

14

15

16

17

- Class Representatives claim that Defendants made materially false and misleading statements and omissions concerning the safety and efficacy of the da Vinci surgical system and the Company's growth, revenues, income and products liability.  The complaint in the Action further alleged that the price of Intuitive publicly traded common stock was artificially inflated as a result of the allegedly false and misleading statements, and declined when the truth was allegedly revealed.  Defendants deny all of the Class Representatives' allegations and further deny that they did anything wrong. Defendants also deny that the Class Representatives or the Class suffered damages or that the price of Intuitive common stock was artificially inflated by reasons of alleged misrepresentations, nondisclosures or otherwise.  The Court did not decide in favor of either the Class or Defendants.

18

19

20

21

22

23

24

25

- Class Counsel, on behalf of Plaintiffs' counsel, will ask the Court for no more than $8,075,000 in attorneys' fees (19% of the Settlement Fund) and up to

26

---

[1]   All capitalized terms not defined in this Settlement Notice have the meanings provided in the Stipulation and Agreement of Settlement, dated as of _____, 2018 (the "Stipulation"), which can be viewed at www.intuitivesurgicalsecuritieslitigation.com.

27

28

$2,500,000 in litigation expenses, which will include a reimbursement request for the Class Representatives pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  If approved by the Court, these amounts (totaling on average approximately $0.44 per allegedly damaged share) will be deducted from the $42,500,000 Settlement.

- The Court in charge of this case still has to decide whether to approve the Settlement.  Payments will be made only if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

- **If you are a Class Member, your legal rights will be affected by this Settlement whether you act or do not act.  Please read this Settlement Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM BY _____, 2018** | The <u>only</u> way to get a payment. (*See* Question ___ below.) |
| **OPT-BACK INTO THE CLASS BY SUBMITTING REQUEST BY_____, 2018** | If you previously submitted a request for exclusion from the Class in connection with the previously mailed Class Notice and now want to be part of the Class in order to receive a payment, you must follow the steps for "Opting-Back Into the Class." (*See* Question ___ below.) |
| **EXCLUDE YOURSELF BY _____, 2018** | You will get no payment.  This is the only option that, assuming your claim is timely brought, might allow you to ever to bring or be part of any other lawsuit against the Defendants and the other Released Defendant Parties concerning the Released Claims. (*See* Question ___ below.) |
| **OBJECT BY _____, 2018** | Write to the Court about why you do not like the Settlement, the Fee and Expense Application, or the proposed Plan of Allocation. (*See* Question ___ below.) |
| **GO TO A HEARING ON _____, 2018** | Ask to speak in Court about the Settlement. (*See* Question ___ below.) |
| **DO NOTHING** | Get no payment AND give up your rights to bring your own individual action. |

**Identification of Attorneys' Representatives**

Class Representatives and the Class are being represented by Labaton Sucharow LLP, Court-appointed Class Counsel.  Any questions regarding the Settlement should be directed to Jonathan Gardner, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com.  **Please do not contact the Court regarding this notice.**

BASIC INFORMATION

| 1.      Why did I get this Settlement Notice? |
| --- |

The Court authorized that this Settlement Notice be sent to you because you or someone in your family may have purchased or acquired the publicly traded common stock of Intuitive from February 6, 2012 through July 18, 2013, inclusive.

If this description applies to you or someone in your family, you have a right to know about the proposed Settlement of this class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement.  If the Court approves the Settlement, and after any objections and appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows.

This Settlement Notice explains the lawsuit, the Settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of this Action is the United States District Court for the Northern District of California (the "Court"), and the case is known as *In re Intuitive Surgical Securities Litigation*, Civil Action No. 5:13-cv-01920-EJD (N.D. Cal.) (the "Action").  The Action is assigned to the Honorable Edward J. Davila, United States District Judge.

The Court did not decide in favor of either the Class or the Defendants.  Instead, they have agreed to a settlement.  For Class Representatives, the principal reason for the Settlement is the certain benefit of a substantial cash recovery for the Class, in contrast to the risk that the Court may grant, in whole or in part, some or all of Defendants' pending motion for summary

judgment, the uncertainty of being able to prove the allegations at a jury trial, and the difficulties and delays inherent in such litigation (including any appeals).

For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that any Class Members were damaged, the principal reason for entering into the Settlement is to bring to an end the substantial burden, expense, uncertainty, and risk of further litigation.

**2.     What is this lawsuit about?  What has happened so far?**

Class Representatives allege that Intuitive and certain of its executives violated Section 10(b) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act") by making materially false and misleading statements regarding the safety and efficacy of the da Vinci surgical system and Intuitive's compliance with FDA regulations.  Class Representatives also allege that Defendants violated Section 20(A) of the Exchange Act by profiting from the sale of Intuitive stock while in possession of material nonpublic information.  Among other things, Class Representatives allege that Defendants failed to disclose information about the safety and efficacy of the da Vinci Surgical system.  Class Representatives further allege that when news of the safety and regulatory issues was released to the public, the price of Intuitive common stock declined and Class Members suffered damages as a result.

Defendants deny all of Class Representatives allegations and further deny that they did anything wrong.  Defendants also deny that Class Representatives or the Class suffered damages or that the price of Intuitive common stock was artificially inflated by reasons of alleged misrepresentations, nondisclosures or otherwise.

The Action was commenced on April 26, 2013. On November 18, 2013, the Court issued an Order appointing Hawaii ERS as lead plaintiff pursuant to the PSLRA. In the same Order, the Court approved lead plaintiff's selection of Labaton Sucharow LLP as lead counsel.

On October 15, 2013, Hawaii ERS and named-plaintiff Greater Pennsylvania filed the Amended Class Action Complaint (the "Complaint").  On December 16, 2013, Defendants filed their motion to dismiss the Complaint, which triggered a stay of discovery under the PSLRA.

Notice of Proposed Class Action Settlement and Motion
for Attorneys' Fees and Expenses
Case No. 5:13-cv-01920-EJD (HRL)                                                                  5

On January 30, 2014, Plaintiffs filed their memorandum of law in opposition to the motion to dismiss and, on February 28, 2014, Defendants filed their reply papers.  On August 21, 2014, the Court entered an Order that granted in part, and denied in part, Defendants' motion to dismiss.  On October 14, 2014, Defendants filed a motion for leave to file a motion for reconsideration.  On October 22, 2014, the Court granted the motion and on November 5, 2014, Defendants filed their motion for reconsideration.  Plaintiffs opposed the motion on November 19, 2014, and Defendants filed a reply on November 26, 2014. The Court denied the motion for reconsideration on December 15, 2014, and lifted the PSLRA discovery stay.

On September 1, 2015, Plaintiffs filed a motion for class certification.  On December 23, 2016, following briefing on the motion and oral argument, the Court entered an Order granting the class certification motion, certifying the Class as defined below, appointing Plaintiffs as "Class Representatives," and appointing lead counsel as "Class Counsel."  On January 5, 2017, Defendants filed, in the United States Court of Appeals for the Ninth Circuit, a Petition Pursuant to F.R.C.P. 23(f) for Permission to Appeal the District Court's Order Granting Class Certification.  On October 30, 2017, the Ninth Circuit denied the petition.  Defendants' motion for reconsideration was denied by Order dated November 22, 2017.

On January 26, 2017, Class Representatives filed a Second Amended Class Action Complaint ("Second Amended Complaint") to conform the pleadings to the evidence.  On February 9, 2017, Defendants moved to dismiss the Second Amended Complaint and discovery was stayed pursuant to the PSLRA.  Class Representatives opposed Defendants' motion on February 23, 2017, and Defendants filed reply papers on March 2, 2017.  The Court denied the motion to dismiss the Second Amended Complaint on September 29, 2017, and discovery resumed.

By Order entered March 12, 2018, the Court granted Class Representatives' motion, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for approval of the proposed form and content of notices of pendency to be disseminated to the Class.  Beginning on April 9, 2018, the Class Notice was mailed to potential Class Members, and on April 23, 2018, the Summary

Notice of Proposed Class Action Settlement and Motion
for Attorneys' Fees and Expenses
Case No. 5:13-cv-01920-EJD (HRL)                                                              6

1   Notice of Pendency of Class Action was published in the *Investor's Business Daily* and

2   transmitted over *PR Newswire*.  The Class Notice informed investors of the class action, their

3   right to be excluded from the Class, the requirements for requesting exclusion, and of a June 8,

4   2018 deadline for seeking exclusion.

5          On February 9, 2018, Defendants moved for summary judgment.  Class Representatives

6   filed their opposition papers on March 23, 2018, and, on April 23, 2018, Defendants filed their

7   reply papers.  The motion was pending when the Parties agreed to a settlement in principle.  Trial

8   of the Action was scheduled by the Court to begin on October 30, 2018.

9          Class Representatives, through Class Counsel, have conducted a thorough investigation

10   of the claims, defenses, and underlying events and transactions that are the subjects of the

11   Action.  This process included reviewing and analyzing: (i) documents filed publicly by the

12   Company with the U.S. Securities and Exchange Commission ("SEC"); (ii) publicly available

13   information, including press releases, news articles, and other public statements issued by or

14   concerning the Company and the Defendants; (iii) research reports issued by financial analysts

15   concerning the Company; (iv) other publicly available information and data concerning the

16   Company; (v) approximately 525,651 pages of documents produced by Defendants during

17   discovery and approximately 28,726 pages of documents produced by third-parties; and (vi) the

18   applicable law governing the claims and potential defenses.

19          Counsel for Class Representatives and Defendants have also completed voluminous

20   class, fact, and expert discovery that included: taking or defending approximately 24 depositions,

21   including the depositions of Class Representatives, the Individual Defendants, and 6 experts; and

22   exchanging 13 expert reports directed at Intuitive's compliance with FDA regulations,

23   Defendants' insider trading, loss causation, and damages.

24          On June 6, 2018, following extensive arm's-length negotiations, the Parties reached an

25   agreement in principle to settle the Action for $42,500,000, subject to the execution of formal

26   settlement documents.

27

28

Notice of Proposed Class Action Settlement and Motion
for Attorneys' Fees and Expenses
Case No. 5:13-cv-01920-EJD (HRL)                                                                     7

**3.     Why is this a class action**?

In a class action, one or more persons or entities (in this case, the Class Representatives), sue on behalf of people and entities that have similar claims.  Together, these people and entities are a class, and each is a class member.    Bringing a case, such as this one, as a class action allows the Court to resolve many similar claims of persons and entities that might be economically too small to bring as individual actions.  One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.

**WHO IS IN THE SETTLEMENT**

**4.     How do I know if I am part of the Class?**

The Court has certified the following Class, subject to certain exceptions identified below:

> All persons or entities who purchased or acquired the publicly traded common stock of Intuitive Surgical, Inc. during the period from February 6, 2012 through July 18, 2013, inclusive, who were damaged thereby.

Check your investment records or contact your broker to see if you purchased or acquired the publicly traded common stock of Intuitive during the period from February 6, 2012 through July 18, 2013, inclusive.

**5.     Are there exceptions to being included?**

Yes.  Some people are excluded from the Class by definition.  Excluded from the Class are: (i) all Defendants; (ii) members of the immediate families of Individual Defendants Guthart, Mohr, and Smith; (iii) any subsidiaries and affiliates of Defendants; (iv) any person who is or was an officer or director of Intuitive or any of Intuitive's subsidiaries or affiliates; (v) Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; (vi) Intuitive's employee retirement and benefit plan(s); and (vii) the legal representatives, heirs, successors, and assigns of any such excluded person or entity.

Also excluded from the Class are Class Members who submitted timely and valid requests for exclusion in connection with the previously mailed Class Notice and Class Members

Notice of Proposed Class Action Settlement and Motion
for Attorneys' Fees and Expenses
Case No. 5:13-cv-01920-EJD (HRL)                                                                        8

who submit timely and valid requests for exclusion from the Class in accordance with the procedures set forth in Question 10 below.

| 6. | What if I am still not sure if I am included? |

If you are still not sure whether you are included in the Class, you can ask for free help. You can call the Claims Administrator toll-free at (844) 850-7746, send an e-mail to the Claims Administrator at info@intuitivesurgicalsecuritieslitigation.com, or write to the Claims Administrator, *In re Intuitive Surgical Securities Litigation*, c/o GCG, P.O. Box 10359, Dublin, OH 43017-0359.  Or you can fill out and return the Proof of Claim form described in Question 8 to see if you qualify.

## THE SETTLEMENT BENEFITS — WHAT YOU GET

| 7. | How much will my payment be? |

In exchange for the Settlement and the release of the Released Claims against the Released Defendant Parties, Defendants have agreed to fund a $42,500,000 settlement fund, which will earn interest and will be distributed, after the deduction of Court-approved fees and expenses, among all Class Members who submit valid Claim Forms that are found to be entitled to a distribution from the Net Settlement Fund ("Authorized Claimants").

If you are an Authorized Claimant entitled to a payment, your share of the Net Settlement Fund will depend on several things, including:  how many Class Members timely send in valid Claim Forms; the total amount of recognized losses of other Class Members; how many shares of Intuitive common stock you purchased; the prices and dates of those purchases; and the prices and dates of any sales.

You can calculate your recognized loss in accordance with the formulas shown below in the Plan of Allocation.  It is unlikely that you will receive a payment for all of your recognized loss.  *See* the Plan of Allocation of Net Settlement Fund on pages___ for more information on your recognized loss.

Notice of Proposed Class Action Settlement and Motion
for Attorneys' Fees and Expenses
Case No. 5:13-cv-01920-EJD (HRL)                                                          9

**HOW YOU RECEIVE A PAYMENT:**
**SUBMITTING A PROOF OF CLAIM FORM**

| **8.   How can I receive a payment?** |
| --- |

To qualify for a payment, you must submit a timely and valid Claim Form.  A Claim Form is included with this Settlement Notice.  If you did not receive a Claim Form, you can obtain one on the internet at the website: www.intuitivesurgicalsecuritieslitigation.com.  You can also ask for a Claim Form by calling the Claims Administrator toll-free at (___) ____-_____.

Please read the instructions carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it to the Claims Administrator so that it is **postmarked or electronically submitted no later than _____, 2018.**

| **9.   What am I giving up to receive a payment or stay in the Class?** |
| --- |

Unless you exclude yourself, or previously excluded yourself, you are staying in the Class, and that means that upon the "Effective Date," you will release all "Released Claims," including "Unknown Claims," as defined below, against the "Released Defendant Parties."

**"Released Claims"** means all actions, suits, claims, demands, rights, liabilities, damages, costs, restitution, rescission, interest, attorneys' fees, expert or consulting fees, expenses, matters and issues known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, whether concealed or hidden, and causes of action of every nature and description, including both known claims and Unknown Claims, whether based on federal, state, local, foreign, statutory or common law or any other law, rule or regulation, including claims under the Securities Act of 1933 or the Securities Exchange Act of 1934 or the securities laws of any state or territory, that have been or that might have been asserted by any Releasing Plaintiff Party against any of the Released Defendant Parties, arising out of, relating to, based upon, or in connection with: (a) any purchase, acquisition, sale, or holding of Intuitive publicly traded common stock during the Class Period; and (b) any facts, claims, matters, allegations, activities, transactions, events, disclosures, representations, statements, acts, or omissions or failures to act

Notice of Proposed Class Action Settlement and Motion
for Attorneys' Fees and Expenses
Case No. 5:13-cv-01920-EJD (HRL)                                                                          10

that were alleged, set forth, referred to, or that could have been alleged in the Action, in the
Second Amended Complaint, or in any complaint, against the Released Defendant Parties.
Released Claims does not include claims relating to the enforcement of the Settlement.

"**Released Defendant Party**" or "**Released Defendant Parties**" means Defendants, and
each of their respective  past or present parents, subsidiaries, divisions, affiliates, stockholders,
officers, directors, insurers, employees, agents, attorneys, general or limited partners,
partnerships, limited liability companies, predecessors, successors, assigns, heirs, trustees,
administrators, and any of their legal representatives (and the predecessors, heirs, executors,
administrators, trustees, successors, immediate family members, purchasers, and assigns of each
of the foregoing), in their capacities as such.

"**Unknown Claims**" means any and all Released Claims that Class Representatives or
any other Class Member does not know or suspect to exist in his, her, or its favor at the time of
the release of the Released Defendant Parties, and any and all Released Defendants' Claims that
any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release
of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her,
or its decision(s) with respect to the Settlement, including the decision to object to the terms of
the Settlement or to exclude himself, herself, or itself from the Class.  With respect to any and all
Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the
Effective Date, Class Representatives and Defendants shall expressly, and each other Class
Member shall be deemed to have, and by operation of the Judgment or Alternative Judgment
shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all
provisions, rights and benefits conferred by any law of any state or territory of the United States,
or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code §
1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO
> EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING
> THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST**

Notice of Proposed Class Action Settlement and Motion
for Attorneys' Fees and Expenses
Case No. 5:13-cv-01920-EJD (HRL)                                                                 11

## HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Class Representatives, other Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims and the Released Defendants' Claims, but Class Representatives and Defendants shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Class Representatives and Defendants acknowledge, and other Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

Please consult the Stipulation, filed with the Court and posted at www.intuitivesurgicalsecuritieslitigation.com, for additional defined terms.

The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes final and not subject to appeal.  If you remain a member of the Class, all of the Court's orders will apply to you and legally bind you.

### EXCLUDING YOURSELF FROM THE CLASS

*If you already submitted a valid and timely request for exclusion in connection with the Class Notice, you do not need to do so again.*[2]

---

[2]   If you are not sure whether you did, please call the Claims Administrator at (844) 850-7746.

If you **did not** previously submit a request for exclusion and **do not** want a payment from this Settlement, but you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Claims, then you must take steps to remove yourself from the Class.  This is called excluding yourself or "opting out."  **Please note: if you decide to exclude yourself because you want to bring your own lawsuit to pursue claims alleged in the Action, you should consult with an attorney to discuss whether your individual claim would be time-barred by the applicable statutes of limitations or repose.**  Also, Defendants may terminate the Settlement if Class Members who purchased in excess of a certain amount of shares of Intuitive common stock seek exclusion from the Class.

**10.   How do I exclude myself from the Class?**

To exclude yourself from the Class, you must mail a signed letter stating that you request to be "excluded from the Class in *In re Intuitive Surgical Securities Litigation*, No. 13-cv-01920 (N.D. Cal.)."  You cannot exclude yourself by telephone or e-mail.  Your letter must state the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Intuitive common stock during the period from February 6, 2012 through July 18, 2013.  Your letter must include your name, mailing address, telephone number, e-mail address, and signature.  You must submit your exclusion request so that it is **received no later than _____, 2018** to:

*In re Intuitive Surgical Securities Litigation*
Claims Administrator
c/o GCG
P.O. Box 10359
Dublin, OH 43017-0359

Your exclusion request must comply with these requirements in order to be valid.  If you ask to be excluded, you will not receive any payment from the Net Settlement Fund, and you cannot object to the Settlement.

Notice of Proposed Class Action Settlement and Motion
for Attorneys' Fees and Expenses
Case No. 5:13-cv-01920-EJD (HRL)                                                                    13

> **11.    If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same thing later?**

No.  Unless you properly exclude yourself, you remain in the Class and you give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Claims.  If you have a pending lawsuit, **speak to your lawyer in that case immediately**.  You must exclude yourself from this Class to continue your own lawsuit.  Remember, the exclusion deadline is _____, 2018.

## OPTING-BACK INTO THE CLASS

> **12. What if I previously requested exclusion in connection with the Class Notice and now want to be eligible to receive a payment from Settlement?  How do I opt-back into the Class?**

If you previously submitted a request for exclusion from the Class in connection with the Class Notice, you may opt-back into the Class and be eligible to receive a payment from the Settlement.  If you are not certain whether you previously submitted a request for exclusion, please contact the Claims Administrator at (844) 850-7746 for assistance.

In order to opt-back into the Class, you, individually or through counsel, must submit a written "Request to Opt-Back into the Class" to the Claims Administrator, addressed as follows: *In re Intuitive Surgical Securities Litigation,* c/o GCG, P.O. Box 10359, Dublin, OH 43017-0359.  This request must be **received no later than_____ ___, 2018**.  Your Request to Opt-Back into the Class must (i) state the name, address, and telephone number of the person or entity requesting to opt-back into the Class; (ii) state that such person or entity "requests to opt-back into the Class in *In re Intuitive Surgical Securities Litigation*, No. 13-cv-01920 (N.D. Cal.)"; and (iii) be signed by the person or entity requesting to opt-back into the Class or an authorized representative.

**Please note**:  Opting-back into the Class *does not mean* that you will automatically be entitled to receive proceeds from the Settlement.  If you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are also required to submit the Proof of Claim form that is being distributed with this Settlement Notice.  *See* Question 8, above.

Notice of Proposed Class Action Settlement and Motion
for Attorneys' Fees and Expenses
Case No. 5:13-cv-01920-EJD (HRL)                                                                              14

**THE LAWYERS REPRESENTING YOU**

| **13.    Do I have a lawyer in this case?** |
| --- |

The Court ordered the law firm of Labaton Sucharow LLP to represent all Class Members.  These lawyers are called Class Counsel.  You will not be separately charged for these lawyers.  The Court will determine the amount of Class Counsel's fees and expenses, which will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| **14.    How will the lawyers be paid?** |
| --- |

Class Counsel has been prosecuting the Action on a contingent basis and has not been paid for any of its work.  Class Counsel, on behalf of itself and other Plaintiffs' counsel, will seek an attorneys' fee award of no more than 19% of the Settlement Fund, which will include accrued interest.  Class Counsel was assisted in this case by Local Counsel, Kerr & Wagstaffe LLP; and attorney Anthony Takitani and The Thornton Law Firm, which provided additional legal assistance to Hawaii ERS (collectively "Plaintiffs' Counsel").  Any attorneys' fees awarded by the Court to Class Counsel will be allocated by Class Counsel to other Plaintiffs' Counsel.  Class Counsel will also seek payment of litigation expenses incurred by Plaintiffs' Counsel in the prosecution of this Action of no more than $2,500,000, plus accrued interest, which will include an application in accordance with the PSLRA for the reasonable costs and expenses (including lost wages) of the Class Representatives directly related to their representation of the Class.  Any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

**OBJECTING TO THE SETTLEMENT**

You can tell the Court that you do not agree with the Settlement or any part of it.

| **15.    How do I tell the Court that I do not like something about the proposed Settlement?** |
| --- |

If you are a Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, and/or the Fee and Expense Application.  You may write to the

Notice of Proposed Class Action Settlement and Motion
for Attorneys' Fees and Expenses
Case No. 5:13-cv-01920-EJD (HRL)                                                                    15

Court about your objection.  You can ask the Court not to approve the Settlement, however you cannot ask the Court to order a larger settlement; the Court can only approve or deny this Settlement.  If the Court denies approval, the settlement payments will not be sent out and the Parties will return to the posture they were in before the settlement was agreed to.  If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

To object, you must send a signed letter stating that you object to the proposed Settlement in *In re Intuitive Surgical Securities Litigation,* No. 13-cv-01920 (N.D. Cal.).  You must include: (i) your name, address, telephone number, e-mail address, and signature; (ii) identify the date(s), price(s), and number(s) of shares of Intuitive common stock purchased, acquired, and sold; state the reasons why you object to the Settlement and which part(s) of the Settlement you object to; and (iii) include any legal support and/or evidence, to support your objection.  Unless otherwise ordered by the Court, any Class Member who does not object in the manner described in this Settlement Notice will be deemed to have waived any objection and shall be forever foreclosed from making any future objection.  Your objection must be submitted to the Court either by mailing the objection to the Clerk of the Court at the address below or by filing the objection in person at the location below, and mailed to Class Counsel and Defendants' Counsel, so that it is **received on or before _____, 2018:**

### The Court

Clerk of the Court
United States District Court for the Northern District of California
Robert F. Peckham Federal Building & United States Courthouse
280 South 1st Street, Room 2112
San Jose, CA 95113

| **Class Counsel** | **Defendants' Counsel Representative** |
|---|---|
| LABATON SUCHAROW LLP | GIBSON DUNN & CRUTCHER LLP |
| Jonathan Gardner, Esq. | Michael D. Celio, Esq. |
| 140 Broadway | 1881 Page Mill Road |
| New York, NY 10005 | Palo Alto, CA 94304 |

You do not need to attend the Settlement Hearing to have your written objection considered by the Court.  However, any Class Member who has complied with the procedures set out in this Question 15 and below in Question 18 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court, either in person or through an attorney, arranged at his, her, or its own expense.

| **16.** | **What is the difference between objecting and excluding?** |
|---|---|

Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Fee and Expense Application.  You can still recover from the Settlement, and you will still be bound by the Settlement and any Court order in this Action. **You can object *only* if you stay in the Class**.

Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

**THE SETTLEMENT HEARING**

| **17.** | **When and where will the Court decide whether to approve the proposed Settlement?** |
|---|---|

The Court will hold the Settlement Hearing on _____, 2018 at ____ ___.m., in Courtroom 4, 5th Floor of the Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, San Jose, CA 95113.

At this hearing, the Court will consider (i) whether the Settlement is fair, reasonable, and adequate, and should be finally approved; (ii) whether the proposed Plan of Allocation is fair, reasonable, and adequate; and (iii) the application of Class Counsel for an award of attorneys' fees and payment of litigation expenses.  The Court will take into consideration any written objections filed in accordance with the instructions in Question 15.  We do not know how long it will take the Court to make these decisions.

You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members.  If you want to attend the hearing,

you should check with Class Counsel beforehand to be sure that the date and/or time has not changed, periodically check the Court's website at www.cand.uscourts.gov, or periodically check the case-specific website at www.intuitivesurgicalsecuritieslitigation.com to see if the Settlement Hearing stays as calendared or is changed.

| **18.   May I speak at the Settlement Hearing?** |
|---|

You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must submit a statement that it is your intention to appear in "*In re Intuitive Surgical Securities Litigation,* No. 13-cv-01920 (N.D. Cal.)."  Persons who intend to object to the Settlement, the Plan of Allocation, or Class Counsel's Fee and Expense Application, and desire to present evidence at the Settlement Hearing, must also include in their objections (prepared and submitted in accordance with the answer to Question 15 above) the identity of any witness they may wish to call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing.  You may not speak at the Settlement Hearing if you excluded yourself from the Class or if you have not provided written notice of your objection and/or intention to speak at the Settlement Hearing in accordance with the procedures described in Questions 10, 15, and 18.

### IF YOU DO NOTHING

| **19.   What happens if I do nothing at all?** |
|---|

If you do nothing and you are a member of the Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8).  To start, continue, or be a part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims in this case, you must exclude yourself from the Class (*see* Question 10).

### GETTING MORE INFORMATION

| **20.   Are there more details about the proposed Settlement?** |
|---|

Notice of Proposed Class Action Settlement and Motion
for Attorneys' Fees and Expenses
Case No. 5:13-cv-01920-EJD (HRL)                                                                                18

1    This Settlement Notice summarizes the proposed Settlement.  More details are in the

2  Stipulation.  Class Counsel's motions in support of final approval of the Settlement, the request

3  for attorneys' fees and litigation expenses, and approval of the proposed Plan of Allocation will

4  be filed with the Court no later than _____, 2018 and available from Class Counsel, the

5  Claims Administrator, or the Court, pursuant to the instructions below.

6    You may review the Stipulation or documents filed in the case at the Office of the Clerk

7  of the United States District Court for the Northern District of California, Robert F. Peckham

8  Federal Building & United States Courthouse, 280 South 1st Street, Room 2112, San Jose, CA

9  95113, on weekdays (other than court holidays) between 9:00 a.m. and 4:00 p.m.  Subscribers to

10  PACER, a fee-based service, can also view the papers filed publicly in the Action through the

11  Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

12    You can also get a copy of the Stipulation and other case documents by calling the

13  Claims Administrator toll free at (___) ____-_____; writing to the Claims Administrator at *In re*

14  *Intuitive Surgical Securities Litigation,* c/o GCG, P.O. Box 10359, Dublin, OH 43017-0359; or

15  visiting the websites: www.intuitivesurgicalsecuritieslitigation.com or www.labaton.com where

16  you will find answers to common questions about the Settlement, can download copies of the

17  Stipulation or Claim Form, and locate other information.

18  **Please do not Call the Court with Questions about the
   Settlement.**

19

20  **PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND**

   **A.    Preliminary Matters**
21

22    The Settlement Amount and the interest it earns is the "Settlement Fund."  The

23  Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and

24  Administration Expenses, Taxes, and any other fees or expenses approved by the Court is the

25  "Net Settlement Fund."  The Net Settlement Fund will be distributed to members of the Class

26  who timely submit valid Claim Forms that show a Recognized Claim according to the Plan of

27  Allocation (the "Plan of Allocation" or "Plan") approved by the Court.  The Plan of Allocation

28

1   set forth below is the Plan that is being proposed by the Class Representatives and Class Counsel

2   to the Court for approval.  The Court may approve this Plan of Allocation or modify it without

3   additional notice to the Class.  Any order modifying the Plan will be posted on the case website

4   at: www.intuitivesurgicalsecuritieslitigation.com, and at www.labaton.com.

5          The objective of this Plan of Allocation is to equitably distribute the Net Settlement Fund

6   among Authorized Claimants who suffered economic losses as a result of the alleged violations

7   of the federal securities laws during the Class Period (February 6, 2012 through July 18, 2013)

8   that the Court found viable.  To design this Plan, Class Counsel has conferred with their damages

9   expert.  This Plan is intended to be generally consistent with an assessment of, among other

10  things, the damages that Class Counsel and the Class Representatives believe were recoverable

11  in the Action.  The Plan of Allocation, however, is not a formal damages analysis and the

12  calculations made pursuant to the Plan are not intended to be estimates of, nor indicative of, the

13  amounts that Class Members might have been able to recover after a trial.   An individual Class

14  Member's recovery will depend on, for example: (a) the total number and value of claims

15  submitted; (b) when the Class Member purchased or acquired Intuitive publicly traded common

16  stock; and (c) whether and when the Class Member sold his, her, or its shares of Intuitive

17  common stock.

18          This Plan of Allocation generally measures the amount of loss that a Class Member can

19  claim for purposes of making *pro rata* allocations of the Net Settlement Fund to Authorized

20  Claimants.  For losses to be compensable damages under the federal securities laws, the

21  disclosure of the allegedly misrepresented information must be the cause of the decline in the

22  price of Intuitive common stock.  In this case, Class Representatives allege that Defendants

23  issued false statements and omitted material facts from February 6, 2012 through July 18, 2013,

24  inclusive (the Class Period), which artificially inflated the price of Intuitive common stock.  It is

25  alleged that the corrective information released to the market on February 28, 2013 (toward the

26  close of market hours), March 5, 2013 (prior to market open), and July 18, 2013 (after market

27  close) impacted the market price of Intuitive common stock in a statistically significant manner

28

and removed the alleged artificial inflation from the prices of the common stock on February 28-March 1, 2013, March 5, 2013, and July 19, 2013.  Accordingly, in order to have a compensable loss, Intuitive common stock must have been purchased or otherwise acquired during the Class Period and held through at least one of the alleged corrective disclosures listed above.

Because the Net Settlement Fund is less than the total losses alleged to be suffered by Class Members, the formulas described below for calculating Recognized Losses are not intended to estimate the amount that will actually be paid to Authorized Claimants.  Rather, these formulas provide the basis on which the Net Settlement Fund will be distributed among Authorized Claimants on a *pro rata* basis.  An Authorized Claimant's "Recognized Claim" shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund.  The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of the Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim.  Class Representatives, Class Counsel, and anyone acting on their behalf likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

**B.    Calculation of Recognized Loss Amounts**

For purposes of determining whether a claimant has a "Recognized Claim," purchases, acquisitions, and sales of Intuitive common stock will first be matched on a First In/First Out ("FIFO") basis as set forth below.

The Claims Administrator will calculate a "Recognized Loss Amount" as set forth below for each purchase or acquisition of Intuitive publicly traded common stock during the Class Period from February 6, 2012 through July 18, 2013, inclusive, that is listed in the Claim Form and for which adequate documentation is provided.  To the extent that the calculation of a

claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero.

For each share of Intuitive common stock purchased or otherwise acquired during the Class Period and sold before the close of trading on July 18, 2013, an "Out of Pocket Loss" will be calculated.  Out of Pocket Loss is defined as the purchase price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions).  To the extent that the calculation of the Out of Pocket Loss results in a negative number, that number shall be set to zero.

The sum of a claimant's Recognized Loss Amounts will be the claimant's "Recognized Claim."

**For each share of Intuitive common stock purchased or acquired from February 6, 2012 through and including July 18, 2013 and**:

A. Sold before the release of corrective information on February 28, 2013 (at 3:54 PM EST),[3] the Recognized Loss Amount for each such share shall be zero.

B. Sold after the release of corrective information on February 28, 2013 (at 3:54 PM EST), and before the close of trading on July 18, 2013, the Recognized Loss Amount for each such share shall be ***the lesser of***:

    1. the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below _minus_ the dollar artificial inflation applicable to each such share on the date of sale as set forth in **Table 1** below; or

    2. the Out of Pocket Loss.

C. Sold after the close of trading on July 18, 2013, and before the close of trading on October 17, 2013, the Recognized Loss Amount for each such share shall be ***the least of***:

    1. the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

    2. the actual purchase/acquisition price of each such share _minus_ the average closing price from July 19, 2013, up to the date of sale as set forth in **Table 2** below; or

---

[3] In the event that documentation does not exist setting forth the exact time of purchase and/or sale, the price at which the purchase and/or sale took place shall serve as a proxy for determining whether the transaction occurred before or after the release of the allegedly corrective information. Shares purchased or sold on February 28, 2013 at any price less than $569.23 shall be deemed to have occurred after 3:54 PM EST for purposes of this Plan of Allocation.

3.   the Out of Pocket Loss.

D.  Held as of the close of trading on October 17, 2013, the Recognized Loss Amount for each such share shall be *the lesser of*:

1.   the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

2.   the actual purchase/acquisition price of each such share *minus* $ 383.30.[4]

## C.   Additional Provisions

Publicly traded Intuitive common stock is the only security eligible for recovery under the Plan of Allocation.  With respect to Intuitive common stock purchased or sold through the exercise of an option, the purchase/sale date of the Intuitive common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

If a Class Member has more than one purchase/acquisition or sale of Intuitive common stock during the Class Period, all purchases/acquisitions and sales shall be matched on a FIFO basis.  Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

Purchases or acquisitions and sales of Intuitive shares shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of shares during the Class Period shall not be deemed a purchase, acquisition, or sale of shares for the calculation of a Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the

---

[4]    Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Intuitive common stock during the "90-day look-back period," July 19, 2013 through October 17, 2013.  The mean (average) closing price for Intuitive common stock during this 90-day look-back period was $383.30.

1   purchase/acquisition of such shares unless (i) the donor or decedent purchased or otherwise

2   acquired such shares during the Class Period; (ii) no Proof of Claim was submitted by or on

3   behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares; and

4   (iii) it is specifically so provided in the instrument of gift or assignment.

5           In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion

6   of a purchase or acquisition that matches against (or "covers") a "short sale" is zero.  The

7   Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is

8   also zero.  In the event that a claimant has an opening short position in Intuitive common stock at

9   the start of the Class Period, the earliest Class Period purchases or acquisitions shall be matched

10  against such opening short position in accordance with the FIFO matching described above and

11  any portion of such purchases or acquisition that covers such short sales will not be entitled to

12  recovery.  In the event that a claimant newly establishes a short position during the Class Period,

13  the earliest subsequent Class Period purchase or acquisition shall be matched against such short

14  position on a FIFO basis and will not be entitled to a recovery.

15           The Net Settlement Fund will be allocated among all Authorized Claimants whose

16  prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant

17  calculates to less than $10.00, it will not be included in the calculation and no distribution will be

18  made to that Authorized Claimant.

19           Payment according to this Plan of Allocation will be deemed conclusive against all

20  Authorized Claimants.  Recognized Claims will be calculated as defined herein by the Claims

21  Administrator and cannot be less than zero.

22           Distributions to eligible Authorized Claimants will be made after claims have been

23  processed.  After an initial distribution of the Net Settlement Fund, if there is any balance

24  remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or

25  otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement

26  Fund, Class Counsel shall, if feasible and economical, redistribute such balance among

27  Authorized Claimants who have cashed their checks in an equitable and economic fashion, after

28

payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses. These redistributions shall be repeated until the balance in the Net Settlement Fund is no longer feasible to distribute to Authorized Claimants.  Any balance that still remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, shall be donated to a non-sectarian, not-for-profit organization(s), to be recommended by Class Counsel and approved by the Court.

Payment pursuant to the Plan of Allocation or such other plan as may be approved by the Court shall be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiff, Lead Counsel, their damages expert, Claims Administrator, or other agent designated by Lead Counsel, arising from determinations or distributions to claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court.  Lead Plaintiff, Defendants, their respective counsel, and all other Released Parties shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

Each claimant is deemed to have submitted to the jurisdiction of the United States District Court for the Northern District of California with respect to his, her, or its claim.

**TABLE 1**

**Intuitive Common Stock Artificial Inflation
for Purposes of Calculating Purchase and Sale Inflation**

| Transaction Date | Artificial Inflation Per Share |
|---|---|
| February 6, 2012 – February 28, 2013 until 3:54 PM EST | $56.69 |
| February 28, 2013 after 3:54 PM EST – March 4, 2013 | $35.39 |
| March 5, 2013 – July 18, 2013 | $13.58 |

Notice of Proposed Class Action Settlement and Motion
for Attorneys' Fees and Expenses
Case No. 5:13-cv-01920-EJD (HRL)                                         25

1

2

## TABLE 2

3

**Intuitive Common Stock Closing Price and Average Closing Price**
**July 19, 2013 – October 17, 2013**

4

| Date | Closing Price | Average Closing Price between July 19, 2013 and Date Shown | Date | Closing Price | Average Closing Price between July 19, 2013 and Date Shown |
|---|---|---|---|---|---|
| 7/19/2013 | $392.67 | $392.67 | 9/4/2013 | $387.32 | $388.10 |
| 7/22/2013 | $395.91 | $394.29 | 9/5/2013 | $384.44 | $387.99 |
| 7/23/2013 | $394.62 | $394.40 | 9/6/2013 | $384.69 | $387.90 |
| 7/24/2013 | $383.96 | $391.79 | 9/9/2013 | $384.90 | $387.82 |
| 7/25/2013 | $375.33 | $388.50 | 9/10/2013 | $376.97 | $387.52 |
| 7/26/2013 | $382.29 | $387.46 | 9/11/2013 | $376.50 | $387.23 |
| 7/29/2013 | $391.00 | $387.97 | 9/12/2013 | $372.68 | $386.86 |
| 7/30/2013 | $385.82 | $387.70 | 9/13/2013 | $375.00 | $386.56 |
| 7/31/2013 | $388.00 | $387.73 | 9/16/2013 | $375.07 | $386.28 |
| 8/1/2013 | $392.46 | $388.21 | 9/17/2013 | $373.96 | $385.99 |
| 8/2/2013 | $393.65 | $388.70 | 9/18/2013 | $372.50 | $385.68 |
| 8/5/2013 | $393.63 | $389.11 | 9/19/2013 | $369.98 | $385.32 |
| 8/6/2013 | $392.93 | $389.41 | 9/20/2013 | $374.69 | $385.08 |
| 8/7/2013 | $389.94 | $389.44 | 9/23/2013 | $370.83 | $384.77 |
| 8/8/2013 | $394.62 | $389.79 | 9/24/2013 | $363.89 | $384.33 |
| 8/9/2013 | $391.87 | $389.92 | 9/25/2013 | $367.31 | $383.97 |
| 8/12/2013 | $388.58 | $389.84 | 9/26/2013 | $368.39 | $383.66 |
| 8/13/2013 | $385.60 | $389.60 | 9/27/2013 | $367.46 | $383.33 |
| 8/14/2013 | $385.94 | $389.41 | 9/30/2013 | $376.27 | $383.19 |
| 8/15/2013 | $383.73 | $389.13 | 10/1/2013 | $372.40 | $382.99 |
| 8/16/2013 | $378.33 | $388.61 | 10/2/2013 | $369.60 | $382.73 |
| 8/19/2013 | $384.95 | $388.45 | 10/3/2013 | $360.94 | $382.33 |
| 8/20/2013 | $385.45 | $388.32 | 10/4/2013 | $364.28 | $382.00 |
| 8/21/2013 | $386.90 | $388.26 | 10/7/2013 | $380.99 | $381.98 |
| 8/22/2013 | $390.14 | $388.33 | 10/8/2013 | $381.23 | $381.97 |
| 8/23/2013 | $390.09 | $388.40 | 10/9/2013 | $389.16 | $382.09 |
| 8/26/2013 | $391.69 | $388.52 | 10/10/2013 | $387.21 | $382.18 |
| 8/27/2013 | $386.22 | $388.44 | 10/11/2013 | $390.18 | $382.31 |
| 8/28/2013 | $387.44 | $388.41 | 10/14/2013 | $401.68 | $382.63 |
| 8/29/2013 | $384.60 | $388.28 | 10/15/2013 | $390.21 | $382.75 |
| 8/30/2013 | $386.52 | $388.22 | 10/16/2013 | $401.33 | $383.05 |
| 9/3/2013 | $385.17 | $388.13 | 10/17/2013 | $399.13 | $383.30 |

Notice of Proposed Class Action Settlement and Motion
for Attorneys' Fees and Expenses
Case No. 5:13-cv-01920-EJD (HRL)                                                      26

## SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

In the previously mailed Class Notice, you were advised that if, for the beneficial interest of any person or entity other than yourself, you purchased Intuitive common stock during the period from February 6, 2012 through July 18, 2013, inclusive, you must either: (1) request from the Claims Administrator sufficient copies of the Class Notice to forward to all such beneficial owners, and forward them to all such beneficial owners; or (2) provide a list of the names and addresses of all such beneficial owners to the Claims Administrator.

If you chose the first option, *i.e.*, you elected to mail the Class Notice directly to beneficial owners, you were advised that you must retain the mailing records for use in connection with any further notices that may be provided in the Action.  If you elected this option, the Claims Administrator will forward the same number of Settlement Notices and Proof of Claim and Release Forms (together, the "Claim Packet") to you to send to the beneficial owners **WITHIN SEVEN (7) CALENDAR DAYS** of receipt of the Claim Packets.  If you require more copies than you previously requested, please contact the Claims Administrator at (844) 850-7746 and let them know how many additional Claim Packets you require.  You must mail the Claim Packets to the beneficial owners **WITHIN SEVEN (7) CALENDAR DAYS** of your receipt of the packets.

If you chose the second option, the Claims Administrator will send a copy of the Claim Packet to the beneficial owners whose names and addresses you previously supplied.  Unless you have identified additional beneficial owners whose names you did not previously provide, **you need do nothing further at this time**.  If you believe that you have identified additional beneficial owners **whose names you did not previously provide** to the Claims Administrator, you must either (a) **WITHIN SEVEN (7) CALENDAR DAYS** of receipt of this Claim Packet, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator at *In re Intuitive Surgical Securities Litigation,* c/o GCG, P.O. Box 10359, Dublin, OH 43017-0359 or (b) **WITHIN SEVEN (7) CALENDAR DAYS** of receipt of this Claim Packet, request from the Claims Administrator sufficient copies of the Claim Packet to forward

Notice of Proposed Class Action Settlement and Motion
for Attorneys' Fees and Expenses
Case No. 5:13-cv-01920-EJD (HRL)                                                  27

1   to all such beneficial owners which you shall, **WITHIN SEVEN (7) CALENDAR DAYS** of

2   receipt of the Claim Packet from the Claims Administrator, mail to the beneficial owners.  If you

3   elect to send the Claim Packet to beneficial owners you shall also send a statement to the Claims

4   Administrator confirming that the mailing was made and shall retain your mailing records for use

5   in connection with any further notices that may be provided in the Action.

6          Upon full and timely compliance with these directions, you may seek reimbursement of

7   your reasonable expenses actually incurred, by providing the Claims Administrator with proper

8   documentation supporting the expenses for which reimbursement is sought.  Copies of this

9   Settlement Notice and the Claim Form may also be obtained from the website for this Action,

10  www.intuitivesurgicalsecuritieslitigation.com, or by calling the Claims Administrator at (844)

11  850-7746.

12         All communications concerning the foregoing should be addressed to the Claims

13  Administrator:

*In re Intuitive Surgical Securities Litigation*
Claims Administrator
c/o GCG
P.O. Box 10359
Dublin, OH 43017-0359
Phone: (844) 850-7746
info@intuitivesurgicalsecuritieslitigation.com
www.intuitivesurgicalsecuritieslitigation.com


19  Dated: _____, 2018                BY ORDER OF THE UNITED STATES

20                                                   DISTRICT COURT FOR THE

21                                                   NORTHERN DISTRICT OF

                                                     CALIFORNIA

Notice of Proposed Class Action Settlement and Motion
for Attorneys' Fees and Expenses
Case No. 5:13-cv-01920-EJD (HRL)                                                    28

# Exhibit 2

**KERR & WAGSTAFFE LLP**
JAMES M. WAGSTAFFE (#95535)
IVO LABAR (#203492)
101 Mission Street, 18th Floor
San Francisco, CA  94105–1727
Telephone: (415) 371-8500
Fax: (415) 371-0500
wagstaffe@kerrwagstaffe.com
labar@kerrwagstaffe.com

*Local Counsel for Plaintiffs and the Class*

**LABATON SUCHAROW LLP**
JONATHAN GARDNER (*pro hac vice*)
MARK S. ARISOHN (*pro hac vice*)
SERENA P. HALLOWELL (*pro hac vice*)
MICHAEL P. CANTY (*pro hac vice*)
CHRISTINE M. FOX (*pro hac vice*)
THEODORE J. HAWKINS (*pro hac vice*)
ALEC T. COQUIN (*pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: 212/907-0700
212/818-0477 (fax)
jgardner@labaton.com
marisohn@labaton.com
shallowell@labaton.com
mcanty@labaton.com
cfox@labaton.com
thawkins@labaton.com
acoquin@labaton.com

*Lead Counsel for Plaintiffs and the Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| IN RE INTUITIVE SURGICAL SECURITIES LITIGATION | Case No. 5:13-cv-01920-EJD (HRL)<br><br>PROOF OF CLAIM AND RELEASE<br><br>EXHIBIT A-2 |

- 1 -

## I.   GENERAL INSTRUCTIONS

1.      To recover as a Class Member based on your claims in the action entitled *In re Intuitive Surgical Securities Litigation*, Civil Action No. 5:13-cv-01920-EJD (the "Action"), YOU MUST MAIL OR SUBMIT ONLINE A COMPLETED PROOF OF CLAIM FORM ("CLAIM FORM"), ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, **ON OR BEFORE _____, 2018**, ADDRESSED AS FOLLOWS:

*In re Intuitive Surgical Securities Litigation*
Claims Administrator
c/o GCG
P.O. Box 10359
Dublin, OH 43017-0359
Phone: (844) 850-7746
info@intuitivesurgicalsecuritieslitigation.com
www.intuitivesurgicalsecuritieslitigation.com

2.      Submission of this Claim Form, however, does not assure that you will share in the proceeds of the settlement of the Action.

3.      If you are a Class Member and have not timely and validly requested exclusion from the Class, **you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.**

## II.   CLAIMANT IDENTIFICATION

If you purchased or acquired the publicly traded common stock of Intuitive Surgical, Inc. ("Intuitive") during the period from February 6, 2012 through July 18, 2013, inclusive (the "Class Period"), use Part I of this form entitled "Claimant Identification" to list the claimant name, mailing address, and account information if relevant (such as for a claim submitted on behalf of an IRA, Trust, or estate account).  Please list the most current claimant or account name as you would like the information to appear on a check, if eligible for payment.  Please also provide a telephone number and/or e-mail address, as the Claims Administrator may need to contact you with questions about the claim submitted.  **If your Claimant Identification information changes, please notify the Claims Administrator in writing at the address above.**

All joint purchasers must sign this claim.  If you are acting in a representative capacity on behalf of a Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member.  Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents or other documents which provide you with the authority to submit the claim.  Please also indicate your representative capacity under your signature on page __ of this Claim Form.

## III.   IDENTIFICATION OF TRANSACTIONS

Use Part II of this form entitled "Schedule of Transactions in Intuitive Publicly Traded Common Stock" to supply all required details of your transaction(s).  Neither the Claims Administrator, the Defendants, nor the Class Representatives have access to your transactional information.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to ***all of your*** purchases or acquisitions of Intuitive publicly traded common stock, and ***all of your*** sales of Intuitive publicly traded common stock, whether such transactions resulted in a profit or a loss.  You must also provide the amount of Intuitive publicly traded common stock you held at the close of trading on October 17, 2013.  Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of Intuitive common stock.  The date of a "short sale" is deemed to be the date of sale of Intuitive common stock.  COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS SHOULD BE ATTACHED TO YOUR CLAIM.  **FAILURE TO PROVIDE**

- 3 -

**THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the settlement website at www.intuitivesurgicalsecuritieslitigation.com or you may email the Claims Administrator's electronic filing department at ____@_____.com.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information. Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at ____@_____.com to inquire about your file and confirm it was received and acceptable.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PART I: CLAIMANT IDENTIFICATION**

Last Name                                          M.I.   First Name

Last Name (Co-Beneficial Owner)                    M.I.   First Name (Co-Beneficial Owner)

○ IRA      ○ Joint Tenancy      ○ Employee      ○ Individual      ○ Other_____
                                                                        (specify)
Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Social Security Number                          Taxpayer Identification Number

___ — ___ — ___        or        ___ — ___

Telephone Number (Primary Daytime)              Telephone Number (Alternate)

Email Address

**MAILING INFORMATION**

Address

Address

City                                            State   Zip Code

Foreign Province              Foreign Postal Code          Foreign Country Name/Abbreviation

- 5 -

**PART II:     SCHEDULE OF TRANSACTIONS IN INTUITIVE PUBLICLY TRADED COMMON STOCK**

A.     **BEGINNING HOLDINGS -** State the number of shares of Intuitive publicly traded common stock held at the beginning of trading on **February 6, 2012**.  (Must be documented).  _____

B.     **PURCHASES/ACQUISITIONS DURING CLASS PERIOD -** List each and every purchase or acquisition of Intuitive publicly traded common stock from the opening of trading on **February 6, 2012** through and including the close of trading **July 18, 2013**.  (Must be documented).

| Trade Date Month Day Year | Number of Shares Purchased | Price Per Share | Total Purchase Price |
|---|---|---|---|
| 1._____ | 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ | 3._____ |

C.     **PURCHASES/ACQUISITIONS DURING "90-DAY LOOKBACK PERIOD"** – State the total number of shares of Intuitive publicly traded common stock you purchased/acquired from **July 19, 2013** through and including the close of trading on **October 17, 2013**.[1]  _____

B.     **SALES**– Separately list each and every sale/disposition of Intuitive publicly traded common stock from after the opening of trading on **February 6, 2012** through and including the close of trading on **October 17, 2013**.  (Must be documented.)

| Trade Date Month Day Year | Number of Shares Sold | Sales Price Per Share | Total Sales Price |
|---|---|---|---|
| 1._____ | 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ | 3._____ |

C.     **ENDING HOLDINGS –** State the total number of shares of Intuitive publicly traded common stock you held as of the close of trading on **October 17, 2013**.  (Must be documented.)  _____

---

[1]  **Please note**:   Information requested with respect to your purchases/acquisitions of Intuitive publicly traded common stock from July 19, 2013 through and including the close of trading on October 17, 2013 is needed in order for the Claims Administrator to balance your claim; purchases during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

- 6 -

**IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

1.    I (We) submit this Claim Form under the terms of the Stipulation and Agreement of Settlement described in the Settlement Notice and available at www.intuitivesurgicalsecuritieslitigation.com. I (We) also submit to the jurisdiction of the United States District Court, Northern District of California, with respect to my (our) claim as a Class Member.

2.    I (We) further acknowledge that, upon the Effective Date of the Settlement, I will (we will) be bound by and subject to the terms of any judgment that may be entered in the Action, including the release of the Released Claims as against the Released Defendant Parties. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases or sales of Intuitive publicly traded common stock during the relevant periods and know of no other person having done so on my (our) behalf.

3.    I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases of Intuitive publicly traded common stock which took place from February 6, 2012 through October 17, 2013, and all of my (our) sales of common stock during this period, as well as the number of shares held by me (us) at the close of trading on October 17, 2013.

4.    I (We) declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this _____ day of _____, in _____, _____.
                                        (Month / Year)                    (City)              (State/Country)


_____          _____
Signature of Claimant                                              Signature of Joint Claimant, if any


_____          _____
Print Name of Claimant                                            Print Name of Joint Claimant, if any

(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.    Please sign above.

2.    Remember to attach copies of supporting documentation.

3.    **Do not send** originals of certificates or other documentation as they will not be returned.

4.    Keep a copy of your Claim Form and all supporting documentation for your records.

5.    If you desire an acknowledgment of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.

6.    If you move, please send your new address to the address below.

7.    **Do not use red pen or highlighter** on the Claim Form or supporting documentation.

**THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR, IF MAILED, POSTMARKED
NO LATER THAN _____, 2018, ADDRESSED AS FOLLOWS:**

*In re Intuitive Surgical Securities Litigation*
Claims Administrator
c/o GCG
P.O. Box 10359
Dublin, OH 43017-0359
Phone: (844) 850-7746
info@intuitivesurgicalsecuritieslitigation.com
www.intuitivesurgicalsecuritieslitigation.com

- 8 -

# Exhibit 3

1

**KERR & WAGSTAFFE LLP**
JAMES M. WAGSTAFFE (#95535)

2

IVO LABAR (#203492)

3

101 Mission Street, 18th Floor
San Francisco, CA 94105–1727

4

Telephone: (415) 371-8500
Fax: (415) 371-0500

5

wagstaffe@kerrwagstaffe.com
labar@kerrwagstaffe.com

6

7

*Local Counsel for Plaintiffs and the Class*

8

**LABATON SUCHAROW LLP**
JONATHAN GARDNER (*pro hac vice*)

9

MARK S. ARISOHN (*pro hac vice*)
SERENA P. HALLOWELL (*pro hac vice*)

10

MICHAEL P. CANTY (*pro hac vice*)

11

CHRISTINE M. FOX (*pro hac vice*)
THEODORE J. HAWKINS (*pro hac vice*)

12

ALEC T. COQUIN (*pro hac vice*)
140 Broadway

13

New York, NY 10005

14

Telephone: 212/907-0700
212/818-0477 (fax)

15

jgardner@labaton.com
marisohn@labaton.com

16

shallowell@labaton.com
mcanty@labaton.com

17

cfox@labaton.com
thawkins@labaton.com

18

acoquin@labaton.com

19

20

*Lead Counsel for Plaintiffs and the Class*

21

**UNITED STATES DISTRICT COURT**

22

**NORTHERN DISTRICT OF CALIFORNIA**

23

**SAN JOSE DIVISION**

24

25

| | |
|---|---|
| IN RE INTUITIVE SURGICAL SECURITIES LITIGATION | Case No. 5:13-cv-01920-EJD (HRL) |
| | SUMMARY NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND EXPENSES |
| | EXHIBIT A-3 |

26

27

28

**TO: ALL PERSONS AND ENTITIES THAT, DURING THE PERIOD FROM FEBRUARY 6, 2012 THROUGH JULY 18, 2013, INCLUSIVE, PURCHASED OR ACQUIRED SHARES OF THE PUBLICLY TRADED COMMON STOCK OF INTUITIVE SURGICAL, INC.**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Northern District of California, that Class Representatives Employees' Retirement System of the State of Hawaii and Greater Pennsylvania Carpenters' Pension Fund, on behalf of themselves and the certified Class, and Intuitive Surgical, Inc., Gary S. Guthart, Marshall L. Mohr, and Lonnie M. Smith (collectively, the "Defendants"), have reached a settlement in the above-captioned action (the "Action") in the amount of $42,500,000 in cash (the "Settlement Amount") that, if approved by the Court, will resolve all claims in the Action.[1]

A hearing will be held before the Honorable Edward J. Davila of the United States District Court for the Northern District of California in Courtroom 4, 5th Floor, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, San Jose, CA 95113 at __:__ ___.m. on _____ __, 2018 to, among other things, determine whether (1) the Settlement should be approved by the Court as fair, reasonable, and adequate; (2) the Plan of Allocation for distribution of the Settlement Amount, and any interest thereon, less Court-awarded attorneys' fees, Notice and Administration Expenses, Taxes, and any other costs, fees, or expenses approved by the Court (the "Net Settlement Fund") should be approved as fair, reasonable, and adequate; and (3) to approve the application of Class Counsel for an award of attorneys' fees of no more than 19% of the Settlement Fund (or up to $8,075,000) and payment of expenses of no more than $2,500,000 from the Settlement Fund, which will include the expenses of Class Representatives pursuant to the Private Securities Litigation Reform Act of 1995. The Court may change the date of the Settlement Hearing without providing another notice. You do NOT need to attend the Settlement Hearing in order to receive a distribution from the Net Settlement Fund.

---

[1] The complete terms of the Settlement are in the Stipulation and Agreement of Settlement, dated September ___, 2018, which can be viewed at www.intuitivesurgicalsecuritieslitigation.com.

1    IF YOU ARE A MEMBER OF THE CLASS, **YOUR RIGHTS WILL BE AFFECTED**

2  **BY THE SETTLEMENT** AND YOU MAY BE ENTITLED TO SHARE IN THE NET

3  SETTLEMENT FUND.  If you have not yet received the full Notice of Proposed Class Action

4  Settlement and Motion for Attorneys' Fees and Expenses (the "Settlement Notice") and a Proof

5  of Claim and Release form ("Claim Form"), you may obtain copies of these documents by

6  contacting the Claims Administrator or visiting its website:

7
*In re Intuitive Surgical Securities Litigation*
Claims Administrator
8  c/o GCG
P.O. Box 10359
9  Dublin, OH 43017-0359
Phone: (844) 850-7746
10  info@intuitivesurgicalsecuritieslitigation.com
www.intuitivesurgicalsecuritieslitigation.com
11

12  Inquiries may also be made to Class Counsel:

13
Labaton Sucharow LLP
14  Jonathan Gardner, Esq.
140 Broadway
15  New York, NY 10005
Tel: (888) 219-6877
16  www.labaton.com
settlementquestions@labaton.com
17

18    If you are a Class Member, to be eligible to share in the distribution of the Net Settlement

19  Fund, you must submit a Claim Form postmarked or electronically submitted *no later than*

20  _____ __, *2018.*  If you are a Class Member and do not timely submit a valid Claim

21  Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you

22  will nevertheless be bound by any judgments or orders entered by the Court in the Action.

23    If you previously submitted a valid and timely request for exclusion from the Class in

24  connection with the Notice of Pendency of Class Action ("Class Notice") and you wish to

25  remain excluded, no further action is required.  However if you did not, to exclude yourself from

26  the Class now, you must submit a written request for exclusion in accordance with the

27  instructions set forth in the Settlement Notice such that it is *received no later than*

28

_____ __, 2018.  If you are a Class Member and do not exclude yourself from the Class, **you will be bound** by any judgments or orders entered by the Court in the Action.

If you previously submitted a request for exclusion from the Class in connection with the Class Notice but you want to ***opt-back*** into the Class now for the purpose of being eligible to receive a payment from the Net Settlement Fund, you may do so.  In order to opt-back into the Class, you must submit a request in writing such that it is ***received no later than*** _____, ***2018***, in accordance with the instructions set forth in the Settlement Notice.

Any objections to the Settlement, Plan of Allocation, and/or application for attorneys' fees and payment of expenses must be filed with the Court and mailed to counsel in accordance with the instructions set forth in the Settlement Notice so that they are ***received no later than*** _____ __, ***2018.***

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2018          BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA