**KERR & WAGSTAFFE LLP**
JAMES M. WAGSTAFFE (#95535)
IVO LABAR (#203492)
101 Mission Street, 18th Floor
San Francisco, CA  94105–1727
Telephone: (415) 371-8500
Fax: (415) 371-0500
wagstaffe@kerrwagstaffe.com
labar@kerrwagstaffe.com

*Local Counsel for Plaintiffs and the Class*

**LABATON SUCHAROW LLP**
JONATHAN GARDNER (*pro hac vice*)
SERENA P. HALLOWELL (*pro hac vice*)
MICHAEL P. CANTY (*pro hac vice*)
CHRISTINE M. FOX (*pro hac vice*)
THEODORE J. HAWKINS (*pro hac vice*)
ALEC T. COQUIN (*pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: 212/907-0700
212/818-0477 (fax)
jgardner@labaton.com
shallowell@labaton.com
mcanty@labaton.com
cfox@labaton.com
thawkins@labaton.com
acoquin@labaton.com

*Lead Counsel for Plaintiffs and the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE INTUITIVE SURGICAL SECURITIES LITIGATION | Case No. 5:13-cv-01920 EJD (HRL)<br><br>CLASS ACTION<br><br>[~~PROPOSED~~] **ORDER AWARDING ATTORNEYS' FEES, PAYMENT OF EXPENSES, AND PAYMENT OF CLASS REPRESENTATIVES' EXPENSES** |

On December 20, 2018, a hearing having been held before this Court to determine, among other things, whether and in what amount to award (1) Class Counsel in the above-captioned consolidated securities class action (the "Action") fees and litigation expenses directly

relating to their representation of the Class; and (2) Class Representatives their costs and expenses (including lost wages), pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court (the "Settlement Notice") was mailed to all reasonably identified Class Members; and that a summary notice of the hearing (the "Summary Notice"), substantially in the form approved by the Court, was published in *Investor's Business Daily* and transmitted over *PR Newswire*; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The Court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all Class Members who have not timely and validly requested exclusion, Plaintiffs' counsel, and the Claims Administrator.

2. All capitalized terms used herein have the meanings set forth and defined in the Stipulation and Agreement of Settlement, dated as of September 11, 2018 (the "Stipulation").

3. Notice of Class Counsel's application for attorneys' fees and payment of litigation expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the application for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, due process, and other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Class Counsel are hereby awarded, on behalf of all Plaintiffs' counsel, attorneys' fees in the amount of $8,075,000 plus interest at the same rate earned by the Settlement Fund (which is 19% of the Settlement Fund), and payment of litigation expenses in the amount of $1,988,789.66, which sums the Court finds to be fair and reasonable.

5. The award of attorneys' fees and litigation expenses may be paid to Class Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

6. In making this award of attorneys' fees and payment of litigation expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Ninth Circuit and found that:

(a) The Settlement has created a common fund of $42.5 million in cash and that numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement created by the efforts of counsel;

(b) The requested attorneys' fees and payment of litigation expenses have been reviewed and approved as fair and reasonable by Class Representatives, sophisticated institutional investors that were directly involved in the prosecution and resolution of the Action and who have a substantial interest in ensuring that any fees paid to counsel are duly earned and not excessive;

(c) Class Counsel undertook the Action on a contingent basis, and have received no compensation during the Action, and any fee and expense award has been contingent on the result achieved;

(d) The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(e) Class Counsel conducted the Action and achieved the Settlement with skillful and diligent advocacy;

(f) Plaintiffs' counsel have devoted approximately 41,813.90 hours, with a lodestar value of $21,548,609.00 to achieve the Settlement;

(g) The amount of attorneys' fees awarded are fair and reasonable and are less than fee awards approved in cases within the Ninth Circuit with similar recoveries;

    (h)  Notice was disseminated to putative Class Members stating that Class Counsel would be submitting an application for attorneys' fees in an amount not to exceed 19% of the Settlement Fund, which includes interest, and payment of litigation expenses incurred in connection with the prosecution of this Action up to $2,500,000 plus interest, and that such application also might include a request that Class Representatives be reimbursed their reasonable costs and expenses (including lost wages) directly related to their representation of the Class; and

    (i)  There were no objections to the application for attorneys' fees or expenses.

7.  In accordance with the PSLRA, the Court hereby awards Class Representative Employees' Retirement System of the State of Hawaii $49,754.18 for its costs and expenses directly related to its representation of the Class, and Class Representative Greater Pennsylvania Carpenters' Pension Fund $9,100.00 for its costs and expenses directly related to its representation of the Class.

8.  Any appeal or challenge affecting this Court's approval of any attorneys' fee, expense application, or award of costs and expenses to Class Representatives in the Action, shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

9.  Exclusive jurisdiction is retained over the subject matter of this Action and over all parties to the Action, including the administration of the Settlement.

10.  In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

Dated: __December 20__, 2018    _[signature]_
                 HONORABLE EDWARD J. DAVILA
                 UNITED STATES DISTRICT JUDGE