**KERR & WAGSTAFFE LLP**
JAMES M. WAGSTAFFE (#95535)
IVO LABAR (#203492)
101 Mission Street, 18th Floor
San Francisco, CA 94105–1727
Telephone: (415) 371-8500
Fax: (415) 371-0500
wagstaffe@kerrwagstaffe.com
labar@kerrwagstaffe.com

*Local Counsel for Plaintiffs and the Class*

**LABATON SUCHAROW LLP**
JONATHAN GARDNER (*pro hac vice*)
SERENA P. HALLOWELL (*pro hac vice*)
MICHAEL P. CANTY (*pro hac vice*)
CHRISTINE M. FOX (*pro hac vice*)
THEODORE J. HAWKINS (*pro hac vice*)
ALEC T. COQUIN (*pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: 212/907-0700
212/818-0477 (fax)
jgardner@labaton.com
shallowell@labaton.com
mcanty@labaton.com
cfox@labaton.com
thawkins@labaton.com
acoquin@labaton.com

*Lead Counsel for Plaintiffs and the Class*


# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE INTUITIVE SURGICAL SECURITIES LITIGATION | Case No. 5:13-cv-01920 EJD (HRL) |
| | CLASS ACTION |
| | **[PROPOSED] FINAL ORDER AND JUDGMENT** |

**WHEREAS**:

A.      A class action is pending in this Court entitled In re Intuitive Surgical Securities Litigation, Case No. 5:13-cv-01920-EJD (HRL) (the "Action");

B.      Defendants in the Action are Intuitive Surgical, Inc. ("Intuitive" or the "Company") and Gary S. Guthart ("Guthart"), Marshall L. Mohr ("Mohr"), and Lonnie M. Smith ("Smith") (collectively, the "Individual Defendants" and with Intuitive, the "Defendants");

C.      By Order entered December 23, 2016, the Court certified a Class of: all persons or entities who purchased or acquired the publicly traded common stock of Intuitive during the period from February 6, 2012 through July 18, 2013, inclusive (the "Class Period"), and who were damaged thereby (the "Class").  Excluded from the Class by definition are: (i) all Defendants; (ii) members of the immediate families of Individual Defendants Guthart, Mohr, and Smith; (iii) any subsidiaries and affiliates of Defendants; (iv) any person who is or was an officer or director of Intuitive or any of Intuitive's subsidiaries of affiliates; (v) Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; (vi) Intuitive's employee retirement and benefit plan(s); and (vii) the legal representatives, heirs, successors and assigns of any such excluded person or entity.  Also excluded from the Class is any person or entity that submitted a timely and valid request for exclusion in connection with the Notice of Pendency of Class Action (the "Class Notice") previously disseminated who has not opted back into the Class.  Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the Court's Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered by the Court on October 4, 2018 (the "Preliminary Approval Order"), also excluded from the Class are those persons or entities that submitted timely and valid requests for exclusion pursuant to the Settlement Notice (defined below), which have been accepted by the Court.  A list of all Class Members that have timely and validly sought exclusion is attached hereto as Exhibit A;

D.       As of September 11, 2018, Class Representatives Employees' Retirement System of the State of Hawaii ("Hawaii ERS") and Greater Pennsylvania Carpenters' Pension Fund ("Greater Pennsylvania") (collectively, "Class Representatives"), on behalf of themselves and each of the members of the certified Class, on the one hand, and Defendants, on the other hand, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the Action;

E.       Pursuant to the Preliminary Approval Order, the Court scheduled a hearing for December 20, 2018, at 10:00 a.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; and (ii) determine whether a judgment as provided for in the Stipulation should be entered;

F.       Also pursuant to the Preliminary Approval Order, the Court ordered that the Notice of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses (the "Settlement Notice") and a Proof of Claim and Release form ("Proof of Claim"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be mailed by first-class mail, postage prepaid, on or before ten (10) calendar days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Class Members who could be identified through reasonable effort, and that a Summary Notice of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *Investor's Business Daily* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date;

G.       The Settlement Notice and the Summary Notice advised potential Class Members of the date, time, place, and purpose of the Settlement Hearing.  The Settlement Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by November 29, 2018, that requests for exclusion from the Class were to be received by November 29, 2018, and that any requests to opt-back into the Class were to be received by November 29, 2018;

1    H.    The provisions of the Preliminary Approval Order as to notice were complied

2  with;

3    I.    On November 15, 2018, Class Representatives moved for final approval of the

4  Settlement, as set forth in the Preliminary Approval Order.  The Settlement Hearing was duly

5  held before this Court on December 20, 2018, at which time all interested Persons were afforded

6  the opportunity to be heard; and

7    J.    This Court has duly considered Class Representatives' motion, the affidavits,

8  declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the

9  submissions and arguments presented with respect to the proposed Settlement;

10    NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND

11  DECREED that:

12    1.    This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with

13  the Court on September 11, 2018; and (ii) the Settlement Notice, which was filed with the Court

14  on November 15, 2018.  Capitalized terms not defined in this Judgment shall have the meaning

15  set forth in the Stipulation.

16    2.    This Court has jurisdiction over the subject matter of the Action and over all

17  parties to the Action, including all Class Members.

18    3.    The Court finds that the mailing and publication of the Settlement Notice,

19  Summary Notice, and Proof of Claim: (i) complied with the Preliminary Approval Order; (ii)

20  constituted the best notice practicable under the circumstances; (iii) constituted notice that was

21  reasonably calculated to apprise Class Members of the effect of the Settlement, of the Plan of

22  Allocation, of Class Counsel's request for an award of attorney's fees and payment of litigation

23  expenses incurred in connection with the prosecution of the Action, of Class Members' right to

24  object, seek exclusion from, and/or opt-back into the Class, and of their right to appear at the

25  Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to

26  receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of

27  the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process

28

1   Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7),

2   as amended by the Private Securities Litigation Reform Act of 1995.

3        4.     In accordance with Federal Rule of Civil Procedure 23, excluded from the Class

4   are the persons and entities listed in Exhibit A to this Judgment, who are excluded pursuant to

5   request.

6        5.     There have been no objections to the Settlement.

7        6.     In light of the benefits to the Class, the complexity, expense, and possible

8   duration of further litigation against Defendants, the risks of establishing liability and damages,

9   the costs of continued litigation, the Court hereby fully and finally approves the Settlement as set

10  forth in the Stipulation in all respects, and finds that the Settlement is, in all respects, fair,

11  reasonable and adequate, and in the best interests of the Class.  This Court further finds the

12  Settlement set forth in the Stipulation is the result of arm's-length negotiations between

13  experienced counsel representing the interests of the Class and Defendants, all of whom had a

14  firm understanding of the factual and legal issues in dispute.

15       7.     The Second Amended Consolidated Complaint, filed on January 26, 2017 (the

16  "Second Amended Complaint") is dismissed in its entirety, with prejudice, and without costs to

17  any Party, except as otherwise provided in the Stipulation.

18       8.     The Court finds, as required by the Private Securities Litigation Reform Act, 15

19  U.S.C. § 78u-4(c)(1), that during the course of the Action, the Parties and their respective

20  counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil

21  Procedure.

22       9.     Upon the Effective Date of the Settlement, each Class Representative and Class

23  Member (who is not otherwise properly excluded from the Class), on behalf of themselves and

24  each of the Releasing Plaintiff Parties, shall be deemed to have fully, finally, and forever waived,

25  released, discharged, covenanted not to bring, and dismissed each and every one of the Released

26  Claims against each and every one of the Released Defendant Parties and shall forever be barred

27  and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the

28  Released Claims against any and all of the Released Defendant Parties.

10. Upon the Effective Date of the Settlement, Defendants, on behalf of themselves and each of the Releasing Defendant Parties, shall be deemed to have fully, finally, and forever waived, released, discharged, covenanted not to bring, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

11. Notwithstanding paragraphs 9 and 10 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

12. Each Class Member, whether or not the Class Member executes and delivers a Claim Form, is bound by this Judgment, including, without limitation, the release of claims provided for herein.  The Persons listed on Exhibit A hereto are excluded from the Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

13. This Judgment and the Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Class Representatives and the Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever;

(b)     do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Class Representatives, or any other member of the Class as evidence of any infirmity in the claims of Class Representatives, or the other members of the Class;

(c)     do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Class Representatives, any other member of the Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Class Representatives, other members of the Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d)     do not constitute, and shall not be construed against Defendants, Class Representatives, or any other member of the Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)     do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Class Representatives, or any other member of the Class that any of their claims are without merit or infirm or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount.

14.     The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

15.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17.    The Parties are hereby directed to consummate the Stipulation and to perform its terms.

18.    A separate order shall be entered regarding Class Counsel's motion for an award of attorneys' fees and payment of expenses.  A separate order shall be entered regarding the Plan of Allocation set forth in the Notice.  Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

19.    The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

20.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; (ii) the implementation and administration of the Settlement; (iii) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds; (iv) hearing and determining applications for attorneys' fees, costs, interest and payment of expenses in the Action; (v) any motion to approve the Plan of Allocation; and (vi) the Class Members for all matters relating to the Action.  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: __December 20____, 2018

_____
HONORABLE EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

| Count | Name | City | State |
|---|---|---|---|
| 1 | Annaliese Cassarino | La Jolla | CA |
| 2 | Tova Marie Shergold | South Barrington | IL |
| 3 | Doreen Lichtman | Orchard Lake | MI |
| 4 | Charles H. Lasley, M.D. | Belleair Bluffs | FL |
| 5 | Anthony Fragale | Oreland | PA |
| 6 | Carla Breidenbach | Colorado Springs | CO |
| 7 | William B. Van Alstyne | San Carlos | CA |
| 8 | Alfred L. Coen | Northbrook | IL |